On the motion of the defendant, Fechko Excavating, Inc., the Lorain County Court of Common Pleas dismissed the suit brought against it by Robert Tarry. Tarry alleged that Fechko had negligently damaged his property when Fechko installed a water line on behalf of the Village of LaGrange. Tarry has appealed from the dismissal.
Tarry has assigned as error that the trial court improperly dismissed his complaint, pursuant to a Civ.R. 12(B)(6) motion, on the basis that it was barred by the statute of limitations.[1]
We sustain this assignment of error.
 I
According to the complaint filed by Tarry, Fechko installed a water line in 1991 adjacent to a building Tarry owned. Tarry asserted that during the installation Fechko negligently placed the water line on top of Tarry's storm sewer tile, breaking the tile. As a result of the broken tile, Tarry's basement began flooding. The flooding damaged personal property that Tarry stored in his basement, he was forced to spend time draining and cleaning up the basement, and he incurred approximately $6000 in exploratory and repair expenses.
Fechko, without answering the complaint, moved to dismiss the claims against it pursuant to Civ.R. 12(B)(6). It asserted that, pursuant to R.C. 2305.09, the applicable statute of limitations was four years. According to Fechko, if the damage occurred in 1991 and the complaint was not filed until March 24, 1998, the complaint was time barred.
Tarry responded that because the trespass was underground, the statutory period did not begin running until he discovered the wrongdoer. In this case, Tarry asserted that he did not discover that it was Fechko's actions that had caused the flooding until June 25, 1997.
The trial court dismissed the complaint, stating, "The Complaint on its face simply alleges a trespass to realty occurred in 1991, and no facts purporting to extend that statute of limitations were pled."
 II
The trial court dismissed Tarry's complaint because he failed to allege facts purporting to extend the statute of limitations. The burden to plead an affirmative defense is on the defendant, not the plaintiff. See Strinyi v. Domotor (Apr. 9, 1997), Summit App. No. 17955, unreported, at 6. Fechko was required to affirmatively set forth the statute of limitations as an affirmative defense in a responsive pleading,. Civ.R. 8(C). This requirement is repeated in Civ.R. 12(B). Civ.R. 12(B) also provides seven additional defenses, including failure to state a claim on which relief can be granted, that may be asserted prior to a responsive pleading. The Supreme Court of Ohio has held specifically that the affirmative defense of res judicata may not be raised by motion pursuant to Civ.R. 12(B) because it is not one of the defenses enumerated in Civ.R. 12(B). State, ex rel.Freeman, v. Morris (1991), 62 Ohio St.3d 107, 109. Similarly, the affirmative defense of the statute of limitations is not one of the defenses which Civ.R. 12(B) specifically permits to be raised by motion before a responsive pleading. Because of this, dismissal pursuant to Civ.R. 12(B) is not appropriate on the basis of Fechko's assertion that Tarry's complaint is time barred.
Even if we view the dismissal in the manner the trial court did, the action was inappropriately dismissed. A motion to dismiss a complaint pursuant to Civ.R. 12(B)(6) may properly be granted when it appears "beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery."O'Brien v. University Community Tenants Union (1975), 42 Ohio St.2d 242, syllabus. "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow plaintiff to recover, the court may not grant a defendant's motion to dismiss." York v. Ohio State Highway Patrol (1991), 60 Ohio St.3d 143,145. The Supreme Court of Ohio has indicated that, "[a] motion to dismiss a complaint under Civ. R. 12(B) which is based upon the statute of limitations is erroneously granted where the complaint does not conclusively show on its face the action is barred by the statute of limitations." (Emphasis added.) Velottav. Leo Petronzio Landscaping, Inc. (1982), 69 Ohio St.2d 376, 379. To conclusively show that the statute of limitations bars the action, the complaint must demonstrate both the relevant statute of limitations and the absence of factors which would toll the statute, or make the it inapplicable.
For the sake of this discussion we assume, without deciding, that R.C. 2305.09 contains the appropriate statute of limitations. Pursuant to R.C. 2305.09, the statutory period for an underground trespass does not begin to run until "the wrongdoer is discovered[.]" In his response to the motion to dismiss, Tarry asserted that on or about June 25, 1997, he discovered that Fechko had installed the water line on top of his tile and that this installation was the source of his flooding problems. The dismissal of Tarry's action against Fechko was improper unless the complaint itself, in view of the relevant statute, is inconsistent with this subsequent explanation. It is not, and this explanation, if proven, could toll the commencement of the statute of limitations.
Tarry's assignment of error is sustained.
 III
The trial court erred by dismissing Tarry's claims against Fechko pursuant to Civ.R. 12(B)(6), because it is possible for Tarry to establish a set of facts, consistent with his complaint, which would allow him to recover. The judgment of the trial court is reversed, and the cause remanded for further action consistent with this decision.
Judgment reversed and cause remanded.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Elyria Municipal Court, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
WILLIAM R. BAIRD FOR THE COURT SLABY, J.
BATCHELDER, J.
CONCUR
[1] Tarry has assigned three errors, two of which are supporting arguments for the first assignment of error. The second and third assignments of error are that the R.C. 2305.09
statute of limitations begins to run when the wrongdoer is discovered and that Mills v. White House Trucking Co. (1974),40 Ohio St.2d 55, is inapplicable to the instant case. To the extent that these errors are not directly addressed in the disposition of the first assignment of error, they are overruled as moot.