## Baker v. Baker
*[Cite as 4 AOA 179]*

*Case No. WD-89-34*
*Wood County, (6th)*
*Decided June 29, 1990*

Alan D. Mikesell, for Appellee.

Gregg D. Hickman, for Appellant.

This matter is before the court on appeal from a judgment of the Wood County Court of Common Pleas, Domestic Relations Division. The facts of this case are as follows: On August 6, 1976 appellant, Leland V. Baker and appellee, Denise M. Baker (now Carpenter) were granted a divorce decree by the Wood County Court of Common Pleas, Domestic Relations Division. Included in the Agreement of Final Separation and Settlement was the following:
"*ARTICLE 4. CHILD SUPPORT*
"* * *

"(c) If the husband is financially able, he shall provide college education for any of the three children according to the following conditions: (1) Husband shall pay tuition in an amount equal to that charged for an 'in-state' student at a state supported institution; * * *"

In 1987, the parties' middle child, Amy Baker, began attending the University of Toledo, a state supported institution. Initially, Amy presented her father with her fee statements and he paid them. The statement itemizes the charges into several different categories to which fees are assessed. On Amy's fees statement, costs were assessed to the undergraduate fee, general fee and parking fee categories. In May 1988, Amy again presented her father with her fee statement. Baker, however, refused to pay the entire bill because it included $111.00 as a general fee which he contended was not within his obligation to pay tuition. The general fee assessment was previously paid by appellant on several occasions.

On June 3, 1988, appellee Carpenter filed a motion to show caused with the trial court. Carpenter argued that Baker had failed to comply with Article 4(c) of the final separation agreement. On August 2, 1988, the court held a hearing on Carpenter's motion, and on October 20, 1988 the court entered judgment. The court held that the term "tuition" as used in the parties' final separation agreement included the "general

fee" assessed in the fee statement. The court then ordered Baker to pay all fee bills for Amy Baker consisting of general fees and tuition.

Subsequently, when Amy's next fee statement was presented to Baker for payment, he paid only the amount listed a undergraduate fees and again refused to pay the general fee.

On December 9, 1988, Carpenter filed another motion to show cause, and on February 21, 1989 a hearing was held before a referee. At the hearing, the only issue to be determined was whether the inclusion of the term "general fees" in the judgment entry of October 20, 1988, was improper in light of the original separation agreement which only obligated Baker to pay tuition. The hearing was, therefore, a re-hearing on the issue of the definition of "tuition." The referee heard arguments from both parties' counsel.

On March 6, 1989, the referee submitted his report and recommendations to the trial judge. In finding number 11, the referee stated:

"In interpreting the parties' agreement, of over 12 years, the use of the term 'tuition' can most reasonably be determined to be used in a broad sense, not in a limited vane. Tuition here most reasonably applies to a basic charge or cost of attending a state-supported institution by an Ohioan. Such expenses as room and board and books may not be included under the term as tuition, but 'general fees' as defined at the University of Toledo does."

Baker filed objections to the referee's report and a motion for a rehearing on March 21, 1989; however, on April 17, 1989, the trial court approved the report and on April 20, 1989, the trial court entered judgment against Baker.

It is from the trial court's final judgment entry of April 20, 1989 that Baker has timely appealed, asserting the following assignment of error:

"THE TRIAL COURT ERRED IN ORDERING THE APPELLANT TO PAY AMOUNTS ABOVE THE SUM DESIGNATED AS TUITION ON THE UNIVERSITY OF TOLEDO STUDENT INVOICE; THE ORDERING OF THIS PAYMENT CONSTITUTES AN ABUSE OF DISCRETION."

In support of his assignment of error, Baker argues that there was a lack of ambiguity in the separation agreement and therefore the referee's recommendation and the incorporation of it into the judgment entry by the trial court was an abuse of discretion. Baker further claims that his position that tuition only constitutes fees for

classes is corroborated by the billing practices of the University of Toledo and the realities of a college education.

We first note that Civ. R. 53(E)(1) provides that when a case is referred to a referee, after a hearing the referee shall prepare a report upon the matter submitted and shall file the report with the clerk of the court. Then, pursuant to Civ. R. 53(E)(2), the parties have fourteen days, after such filing, to file written objections to the referee's report. If a party fails to file written objections to a referee's finding of fact within the requisite fourteen days, that party cannot assign as error on appeal the trial court's adoption of that finding of fact. Civ. R. 53(E)(6). If, however, the objections are filed after the expiration of the fourteen day period allowed by Civ. R. 53(E)(2), but before the court's entering final judgment, the court may consider them *sua sponte,* and such consideration will be construed as the granting of leave to file late objections pursuant to Civ. R. 6(B). *Russell* v. *Russell* (1984), 14 Ohio App. 3d 408, 410-411.

In the case at bar, Baker objects to the trials court's adoption of the referee's finding that "tuition" constitutes the undergraduate fee and the general fee on the fee statement. The referee's findings and recommendation which comprised the referee's report were filed with the trial court on March 6, 1989. Baker's written objections and motion for hearing, however, were not filed until March 21, 1989, fifteen days after the filing of the referee's report. March 20, 1989, the date upon which the objections were due, was a Monday and was not a legal holiday. Therefore, Baker did not timely object to the referee's report as required by Civ. R. 53(E)(2). Nevertheless, as is evidenced by the trial court's order of April 17, 1989, the court below did consider the objections before entering final judgment, and as such we must assume that the court granted Baker leave to file late objections. Consequently, Baker's right to raise the same objections on appeal pursuant to Civ. R. 53(E)(6) has been preserved.

Baker argues that it was an abuse of discretion for the trial court to adopt the referee's finding that "tuition" as used in the parties' final separation agreement constitutes the undergraduate fee and the general fee listed on the University of Toledo fee statement. The Supreme Court of Ohio stated in *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217, 219 that "[t]he term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" Citing *Steiner* v. *Custer* (1940), 137 Ohio St. 448

The term "tuition" is defined in Webster's Ninth New Collegiate Dictionary (1985) 1270, as "the price of or payment for instruction." The fee statement from the University of Toledo does not have a category marked "tuition." It does have categories marked undergraduate fee and general fee. Moreover, the general fee is a fee assessed against all students for admission into the college. It is not an optional fee but is part of the amount charged for an in-state student to attend and receive credit for courses at the University of Toledo.

Contrary to Baker's argument, the trial court did not rewrite the final separation agreement. The court appropriately interpreted the word "tuition."

We therefore find that the trial court's broad interpretation of the word "tuition" as used in the parties' separation agreement was not unreasonable, arbitrary, or unconscionable and did not constitute an abuse of discretion. Accordingly, Baker's assignment of error is found not well-taken.

On consideration whereof, the court finds substantial justice has been done the party complaining, and the judgment of the Wood County Court of Common Pleas, Domestic Relations Division, is affirmed.

*Judgment affirmed.*

HANDWORK, P.J., GLASSER, J., ABOOD, J., concur.