OPINION
This timely appeal arises from a Judgment Entry of the Mahoning County Court of Common Pleas adopting a magistrate's decision which denied Appellant's motion for prejudgment interest. For the following reasons, we affirm the judgment of the trial court.
On October 5, 1984, Appellant, Eric R. Tobey, injured his leg in a motorcycle accident. He was taken by ambulance to the emergency room of Youngstown Hospital Association's Northside Hospital. Appellee Malcom R.S. Arnold, a cardiovascular surgeon, was called after the hospital staff suspected that an artery in Appellant's leg was severed. There was a delay in assembling a vascular team to determine the location of the damage to the artery. After a team was assembled and the damage assessed, Appellee operated on Appellant's leg, removing a vein from the injured leg to connect the undamaged parts the artery. Following surgery it was determined that Appellant would suffer permanent damage to his leg.
On March 11, 1986, Appellant filed a medical malpractice complaint against Youngstown Hospital Association, Emergency Professional Services of Ohio, Inc., Arturo P. Mirasol, M.D., and Appellee. An arbitration panel heard the case pursuant to R.C. § 2711.21(A). Youngstown Hospital Association reached a settlement agreement with Appellant prior to arbitration.
On February 23, 1989, the arbitration panel ruled in favor of Appellee but against Dr. Mirasol and Emergency Professional Services. The parties rejected the arbitration panel's decision and the case proceeded to trial. Prior to trial, Dr. Mirasol and Emergency Professional Services settled with Appellant. Appellant voluntarily dismissed the remaining claim against Appellee and refiled the action on February 20, 1990. Appellee proceeded to trial without extending a settlement offer to Appellant. At trial, Appellee acted as his own expert witness. Following a trial on the merits, a jury reached a verdict on November 12, 1993, awarding Appellant $40,000.00.
On November 19, 1993, Appellant filed a Motion for Prejudgment Interest, pursuant to R.C. § 1343.03(C). An evidentiary hearing on the motion was held before the court magistrate on June 10, 1998. On June 16, 1998, the magistrate filed his decision denying Appellant's motion for prejudgment interest.
On July 2, 1998 Appellant untimely filed objections to the magistrate's decision. On July 24, 1998, Appellee filed a Memorandum in Support of Magistrate's Decision and Opposing Objections, arguing in part that the objections were untimely filed. On July 30, 1998, Appellant filed a Response to Appellee's Memorandum. On July 31, 1998, the trial court filed a judgment entry adopting the June 16, 1998 Magistrate's Decision in full.
On August 27, 1998, Appellant filed his notice of appeal.
Appellant's sole assignment of error alleges:
 "THE TRIAL COURT ABUSED THEIR DISCRETION AND THUS ERRED WHEN THEY DENIED APPELLANT'S PREJUDGMENT INTEREST."
Appellant maintains that the record demonstrates that Appellee did not rationally evaluate his risks and potential liability and that he did not make an offer to settle the claim. Appellant further contends that Appellee did not respond in good faith to Appellant's offers to settle and that he did not have an objective, good faith belief that he was not liable.
Appellee responds that Appellant has waived his right to appeal because Appellant failed to timely file objections to the Magistrate's Decision pursuant to Civ.R. 53, which allows a party to file objections to a magistrate's decision within fourteen days of the filing of a magistrate's decision. With respect to the merits of Appellant's argument, Appellee responds that the trier of fact must determine whether a party has a good faith, objectively reasonable belief that it has no liability. Appellee argues that there is substantial evidence in the record to support that he had a good faith, objectively reasonable belief that he had no liability.
Our review of the record herein leads us to determine that Appellant's assignment of error lacks merit.
We have recently reaffirmed that when reviewing an appeal of a trial court's decision to adopt a magistrate's decision, we must determine whether the trial court abused its discretion.McCon v. Martini (Nov. 10, 1999), Mahoning App. No. 97 CA 152, unreported *2. An abuse of discretion implies that the trial court's attitude is, "unreasonable, arbitrary or unconscionable." Id.; Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219; State v. Adams (1980), 62 Ohio St.2d 151, 157. The record reflects no abuse of discretion in the present matter.
We must first address Appellee's contention that Appellant's untimely objection to the magistrate's decision constitutes a waiver of his right to appeal. A party must file objections to a magistrate's decision within fourteen days of the filing of that decision. Civ.R. 53(E)(3)(a). It cannot be contested that in the present case, Appellant filed his objections after the expiration of that time limit. However, Civ.R. 6(B) generally allows a trial court to extend the time limits set forth in the Civil Rules. The court, "* * * for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request is made before the expiration of the period originally prescribed * * *." Civ.R. 6(B); Russell v. Russell (1984), 14 Ohio App.3d 408,410-411. Relevant to a magistrate's decision, "[i]f * * * the objections are filed after the expiration of the fourteen-day period allowed by Civ.R. 53(E)(2), but before the court's entering final judgment, the court may consider them sua sponte, and such consideration will be construed as the granting of leave to file late objections pursuant to Civ.R. 6(B). Baker v.Baker (1990), 68 Ohio App.3d 402, 405.
In the present matter, the record reflects that the trial court did consider the untimely objections to the magistrate's decision. The July 31, 1998 Judgment Entry states, "[t]he objections to the [June 16, 1998] Decision were filed pursuant to Civil Rule 53(E)(3)." We presume that the trial court sua sponte extended the time in which objections were to be filed.
Turning now to the substantive issue, the decision as to whether to grant or deny prejudgment interest is within the sound discretion of the trial court. Huffman v. Hair Surgeon,Inc. (1985), 19 Ohio St.3d 83, 87. As we stated earlier, an abuse of discretion implies that the trial court's attitude is "unreasonable, arbitrary or unconscionable." McCon v. Martini,supra; Blakemore v. Blakemore, supra; State v. Adams, supra.
In Moskovitz v. Mt. Sinai Med. Ctr. (1994), 69 Ohio St.3d 638, the Ohio Supreme Court defined the guidelines to be followed by a trial court in determining whether prejudgment interest should be awarded pursuant to R.C. § 1343.03(C). TheMoskovitz court describes four separate requirements that must be met under the statute: 1.) A party seeking prejudgment interest must petition the court by a motion filed after judgment and in no event later than fourteen days after entry of judgment; 2.) The trial court must hold a hearing on the motion; 3.) To award prejudgment interest, the court must find that the party required to pay the judgment failed to make a good faith effort to settle; and, 4.) The court must find that the party to whom the judgment is to be paid did not fail to make a good faith effort to settle the case. Id., 658; R.C. § 1343.03(C).
The Moskovitz court further established that an award of prejudgment interest is not discretionary if a party meets these four requirements:
 "The statute uses the word `shall.' Therefore, if a party meets the four requirements of the statute, the decision to allow or not allow prejudgment interest is not discretionary. What is discretionary with the trial court is the determination of lack of good faith."
Id.
The judicial standard of what constitutes a "good faith effort"' to settle is contained within the syllabus of Kalain v.Smith (1986), 25 Ohio St.3d 157:
 "A party has not "failed to make a good faith effort to settle' under R.C. 1343.03(C) if he has (1) fully cooperated in discovery proceedings, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party. If a party has good faith, objectively reasonable belief but he has no liability, he need not make a monetary settlement offer."'
In the present case, Appellant challenges only that Appellee failed to rationally evaluate his risks and potential liability and claims that Appellee could not have had a good faith, objectively reasonable belief that the had no liability to Appellant. Therefore, Appellant argues that Appellee has not made a good faith effort to settle the claim. The magistrate determined that it was reasonable for Appellee to believe he had no liability and that this relieved his burden to make a settlement offer. The magistrate also found that Appellant rationally evaluated his potential liability. The magistrate stated that:
 "The circumstances of the injury [to Appellant], the time factors, the delays which were beyond [Appellee's] control and their medical significance, [Appellee's] success in avoiding their very real possibility of amputation which developed because of the matters beyond his control, the disparity of expert opinions, and the decision of the arbitrators who found that others, not [Appellee], were negligent, established that [Appellee's] belief was in fact an objectively reasonable one even though the jury ultimately disagreed. The evidence showed that [Appellee] and his counsel rationally recognized and evaluated the risks and potential liability."
Based on our review, the record supports the magistrate's conclusion. We note primarily that Appellee was exonerated of liability at the arbitration which formed the basis of the decision to proceed to trial. (Tr. pp. 75-76). Although there is an indication that experts consulted by Appellee were critical of the time lapse which ensued prior to operating on Appellant, there was testimony at hearing that Appellee believed that his actions were proper. Appellant was experiencing a tremendous amount of swelling in his knee which would have prevented an accurate surgical entry until further testing by the vascular team was complete. (Tr. 66, 70). Moreover, there was testimony that Appellee received assurances that a vascular team could be assembled more quickly in order to conduct testing than was the actual case. (Tr. 70). Appellee's counsel also believed that Appellee would be an outstanding witness as he had excellent training, was articulate and had reasonable responses to criticism. (Tr. 66)
Based on the testimony at the hearing, it was not unreasonable, arbitrary or unconscionable for the magistrate to conclude that Appellee had a good faith, reasonably objective belief that he was not liable to Appellant and that Appellee rationally evaluated his risks and liabilities. For the same reasons, it was not unreasonable, arbitrary or unconscionable for the trial court to adopt the magistrate's decision. We therefore find no abuse of discretion in the trial court's judgment denying prejudgment interest to Appellant. Accordingly, we affirm the judgment of the trial court.
COX, P.J., concurs, VUKOVICH, J., concurs.