OPINION
Plaintiff-appellant Wallace Mitchell, Jr. appeals from the decision of the Mahoning County Common Pleas Court which dismissed his lawsuit on the grounds that it was filed outside of the applicable statute of limitations. He also appeals the court's granting leave to defendants-appellees Floyd Haynes and Mordean Mitchell to file an answer to his complaint, and the court's refusal to grant his motion for default judgment. Lastly, he complains that he was never served with appellees' answer or motion to dismiss. For the following reasons, the court's decision to grant appellees leave to answer is affirmed. Thus, the denial of default judgment is also affirmed. However, the court's decision on the statute of limitations issue is reversed, and this case is remanded for further proceedings.
 STATEMENT OF THE CASE
On April 2, 1999, appellant filed a pro se complaint against appellees from prison. The complaint alleged that on October 3, 1994, appellees conspired to deprive him of his interest in two parcels of property on McGuffey Road in Youngstown, Ohio under the guise of needing to secure a loan to complete construction on the property. The complaint then alleged that on October 14, 1994, appellees fraudulently obtained these parcels. The docket evidences that the summons and complaint were served on appellees in mid-April 1999.
On August 11, 1999, appellant filed a motion for default judgment as appellees had not filed an answer. A month later, the court set the motion for hearing. A hearing apparently proceeded on September 22, 1999 at which time the court granted appellees one month leave to file their answer. See September 24, 1999 judgment entry.
On October 23, 1999, appellees filed their answer which denied all allegations in the complaint and asked that the complaint be dismissed for failure to state a claim upon which relief can be granted. Thereafter, in a response to various motions of appellant, the magistrate advised appellees to file a motion to dismiss appellant's complaint on the grounds that it was filed outside the four year statute of limitations for fraud and conversion actions. Appellees filed this motion to dismiss on February 4, 2000.
On March 17, 2000, the magistrate again denied various motions of appellant. The magistrate denied appellant's motion for leave to file an amended and/or supplemental complaint to allege ongoing fraud and to set forth that he did not discover the conversion and fraud until early 1999 when he received an investigative report and audit on the property. The decision opined that appellant's amendments merely try to change the relevant dates to avoid the statute of limitations. Next, the magistrate denied appellant's request for a continuance even though the magistrate had advised appellant to seek a continuance. The magistrate's decision also granted appellees' motion to dismiss the complaint on the grounds that the action was filed outside the four year statute of limitations.
In the decision, the magistrate noted that appellant had a new address in a prison in Waverly, Virginia and ordered that he be served there. However, according to appellant, the decision was still sent to appellant's prior prison address. Appellant's objections were certified as mailed to opposing counsel on March 31, 2000 but were not date-stamped until April 10, 2000. Nonetheless, the trial court did not consider the objections to be untimely filed.[1] Appellant's objections alleged the following errors: he was never served with appellees' answer; a continuance was denied; the magistrate instructed appellees to file a dismissal motion and advised of the grounds therefor; and he was not permitted to supplement his complaint with facts that would bring his filing within the statute of limitations. On April 24, 2000, the trial court overruled appellant's objections.
Appellant did not file notice of appeal with this court until June 12, 2000. Strangely, the trial court took it upon itself to grant appellant leave to file a late appeal. Such procedure is ineffectual. Nevertheless, the within appeal is considered to be timely filed for the following reasons. Firstly, it appears that appellant did not timely receive the trial court's April 24, 2000 judgment entry. For instance, in a May 26 pretrial statement in lieu of appearance, he noted that he had not yet received a decision on his objections. Secondly and most importantly, the requirements of Civ.R. 58(B) were not met. The court did not direct the clerk to serve all parties with notice of the judgment or to do so within three days, and the docket does not evidence service upon appellant by the clerk. The time for filing an appeal is extended by the failure to serve notice. Civ.R. 58(B); App.R. 4(A). Accordingly, we shall proceed to address the three assignments of error. See, e.g., State v.Walker (June 26, 2001), Mahoning App. No. 00CA118, unreported (a postconviction case addressing this issue of failure to comply with the notice requirements of Civ.R. 58). We note that appellees failed to file a brief.
 ASSIGNMENT OF ERROR NUMBER ONE
Appellant's first assignment of error provides:
 "TRIAL COURT ERRED IN GRANTING LEAVE TO THE APPELLEES ABOVE THE APPELLANT'S MOTION FOR DEFAULT."
Appellant contends that the court should have granted him default judgment rather than grant appellees leave to answer. Default judgment may be awarded when a defendant fails to make an appearance by filing an answer or otherwise defending the action. Civ.R. 55(A). A defendant has twenty-eight days after being served with the summons and complaint to serve his answer upon the plaintiff. Civ.R. 12(A)(1). A defendant who wishes to seek leave to file an answer after the time has expired must do two things: (1) motion for leave, and (2) demonstrate that the failure to timely answer was the result of excusable neglect. Civ.R. 6(B). In making a determination on excusable neglect, the trial court has broad discretion to consider all of the facts and circumstances made known to it. Davis v. Immediate Med. Serv., Inc. (1997), 80 Ohio St.3d 10, 15.
Appellant claims that there is no evidence in the record demonstrating excusable neglect. It was appellant's duty to include in the record a transcript of all evidence relevant to his allegation that the court had insufficient evidence before it to find excusable neglect. App.R. 9(B). Because appellant failed to request a transcript from the hearing held on his motion for default judgment, we cannot discern whether the trial court had before it sufficient evidence to find that appellees' failure to timely answer was the result of excusable neglect. Thus, this court has nothing to pass upon as to this assignment of error and must presume the validity of the trial court's order granting leave. See Knapp v.Edwards Lab. (1980), 61 Ohio St.2d 197, 199.[2] Therefore, this assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER TWO
Appellant's second assignment of error provides:
 "TRIAL COURT ERRED IN DISMISSING THE CASE DUE TO STATUTE OF LIMITATIONS."
The magistrate, and subsequently the trial court, dismissed the case based upon R.C. 2305.09 which sets forth a four year statute of limitations for fraud actions. This statute also sets forth a discovery rule so that the cause of action does not begin to accrue until the fraud is discovered.
Appellant's complaint set forth October 1994 as the date of the fraud perpetrated upon him. He filed his complaint in April 1999, more than four years after the fraud was allegedly perpetrated. However, the complaint does not mention when he discovered the fraud. After realizing that a motion to dismiss was filed by appellees, appellant sought to amend or supplement his complaint to add the discovery date as being early 1999; yet, the court disallowed this amendment. We must now determine whether the court properly dismissed the case on statute of limitations grounds.
Appellant argues that the court erred in dismissing the case because the statute of limitations was tolled until he discovered the fraud. Although appellant does not raise the issue of waiver on appeal, we should first point out that the Supreme Court has held that a defendant waives the statute of limitations defense if it is not initially raised in one of three ways: (1) in a prepleading motion to dismiss; (2) in an answer; or (3) in an amended answer. Mills v. Whitehouse (1974),40 Ohio St.2d 55, 59. Specifically, Civ.R. 8(C) provides that an affirmative defense such as the statute of limitations bar shall be set forth in the responsive pleading. The Staff Note to the rule states that the function of the rule is to avoid surprise and to change the cases which previously permitted an affirmative defense to be raised after an answer was filed that failed to mention the defense. Moreover, Civ.R. 12(B) mandates that every defense shall be asserted in the responsive pleading. Exceptions to this rule are set forth in Civ.R. 12(B)(1)-(7). The only exception which could arguably be relevant in the case at bar is Civ.R. 12(B)(6), failure to state a claim upon which relief can be granted.
Appellees alleged such failure in their answer but did not set forth the affirmative defense of the statute of limitations bar. Although appellees filed a separate motion to dismiss which specifically set forth the affirmative defense of the statute of limitations, such motion was filed after they filed their answer rather than before and thus was not raised by one of the three methods approved in Mills.[3] Although Civ.R. 12(H) contains a provision which permits the defense of failure to state a claim to be raised at a time later than in a prepleading motion or an answer, the Supreme Court has made a clear distinction between a Civ.R. 8(C) affirmative defense and a Civ.R. 12(B)(6) failure to state a claim defense. Mills, 40 Ohio St.2d at 55 (stating and noting that the only reason for allowing a prepleading motion to dismiss based on the statute of limitations is to avoid the unnecessary delay of filing an answer when the violation is clear on the face of the complaint). See, also, Spence v. Liberty Twp. Trustees (1996), 109 Ohio App.3d 357, 364
(holding that a generic Civ.R. 12(B)(6) motion does not preserve the affirmative defense of the statute of limitations). Consequently, it appears that appellees waived the statute of limitations defense. The only way around the waiver is to seek leave to amend the answer pursuant to Civ.R. 15(A), which allows the court to freely grant leave to amend a pleading where justice so requires.
Even if appellees had not waived the defense, the motion to dismiss was improvidently granted. As aforementioned, the four year statute of limitations for fraud does not begin to run until the fraud has been discovered. If the plaintiff's complaint shows on its face with certainty that the fraud was discovered outside the four year statute of limitations, then, if the defense was properly preserved, the complaint may be dismissed as there are no factual questions. Velotta v. LeoPetronzio Landscaping, Inc. (1982), 69 Ohio St.2d 376, 379-380. However, a complaint may not be dismissed where its face does not conclusively show that discovery of the fraud occurred outside the four year period.Id. This is because the plaintiff does not have the burden to affirmatively plead compliance with the statute of limitations as this would be contrary to the express mandate of Civ.R. 8(C) which requires the defendant to raise the affirmative defense of the statute of limitations in an answer. Mills, 40 Ohio St.2d at 60.
Here, the complaint does not establish on its face that the fraud was discovered outside the four year period. We were faced with a similar case in Helman v. EPL Prolong, Inc. (2000), 139 Ohio App.3d 231. In that case, the complaint alleged a fraudulent asset transfer between 1988 and 1989. The complaint was not filed until 1997 and did not mention a discovery date. This court held that whether appellant discovered the 1988-1989 transfers within the applicable statute of limitations period was a material question of fact. We thus found that the face of the complaint did not conclusively establish that the action was time barred. Id. at 248. See, also, Hamilton v. Ohio Sav. Bank (1994),70 Ohio St.3d 137, 140 (holding that summary judgment is precluded and questions of fact exist regarding the tolling of a statute of limitations and the determination of the date plaintiff discovered or had reasonable opportunity to discover the fraud). Therefore, the trial court's judgment granting appellees' motion to dismiss must be reversed, and this case must be remanded for further proceedings.
As a matter of procedure, in cases where a statute of limitations violation is not conclusively established on the face of the complaint but the defendant properly preserved the statute of limitations defense, the defendant may file a motion for summary judgment on the ground previously preserved. Civ.R. 56(B). See, also, Carmen v. Link (1997),119 Ohio App.3d 244, 250. The defendant may support his motion with answers to interrogatories, affidavits, depositions or other items specified in Civ.R. 56(C). The plaintiff would then have the burden to respond by filing an affidavit or other item specified in Civ.R. 56(C) to show that discovery of the fraud occurred within the four year period. If the plaintiff does so, then there is a genuine issue of material fact for trial. If the plaintiff does not so allege, then summary judgment may be granted in favor of the defendant. Civ.R. 56(E). We note that upon remand, if the trial court allows appellees to amend their answer to add the statute of limitations defense, it is apparent that appellant will respond with an affidavit that alleges discovery of the fraud in 1999 just as he alleged in the amended complaint which he was prohibited from filing.
 ASSIGNMENT OF ERROR NUMBER THREE
Appellant's third and final assignment of error provides:
 "PLAINTIFF-APPELLANT WAS NEVER SERVED WITH APPELLEES ANSWER TO THE COMPLAINT OR THE MOTION TO DISMISS."
We note that contrary to the magistrate's suggestions, we presume that appellees did not properly serve appellant with the answer when it was filed. Pursuant to Civ.R. 12(A)(1), the defendant must serve his answer on the plaintiff. Under Civ.R. 5(D), all papers required to be served on a party shall not be considered until proof of service is endorsed thereon or separately filed. This rule requires that the proof of service state the date and manner of service and be signed. In this case, with regards to both the answer and the motion to dismiss, appellees attorney signed the proof of service and stated the manner of service, but the blank space for date of service was never filled in. Hence, it appears that appellees failed to serve the answer and the motion to dismiss on appellant.
However, due to our resolution of appellant's second assignment of error, the issue of appellees' failure to serve him with their motion to dismiss is moot. It also appears that during the pendency of this appeal and in response to appellant's August 8, 2000 letter, the clerk served appellant with the motion to dismiss and the answer. A March 30, 2000 docket entry also evidences service of the answer upon appellant by the clerk after being ordered to do so by the trial court. Hence, the failure to serve appellant with the answer has been rectified.
For the foregoing reasons, appellant's second assignment of error is sustained, the decision dismissing the complaint for a statute of limitations violation is reversed, and this case is remanded for further proceedings according to law and consistent with this court's opinion.
 ______________ VUKOVICH, P.J.
Donofrio, J., concurs.
DeGenaro, J., concurs.
[1] If objections are filed after the fourteen day time limit of Civ.R. 53(E)(3)(a) but before the trial court enters final judgment, the court may sua sponte consider the objections and this consideration is construed as granting leave to file late objections. Tobey v. Arnold
(Aug. 14, 2000), Mahoning App. No. 98CA166, unreported, 2, citing Bakerv. Baker (1990), 68 Ohio App.3d 402, 405.
[2] Although appellant does not raise this issue, we note that we do not have before us appellees' motion for leave to file an answer. However, under Civ.R. 7(B)(1), such a motion may be made orally at a hearing. Because we do not have a transcript of the hearing and the court granted leave to appellees at that hearing, we presume that appellees orally motioned for leave just as we presumed that they presented sufficient indicia of excusable neglect.
[3] We note that recently three members of the Supreme Court opined that even a prepleading motion is not the proper vehicle to preserve an affirmative defense which is listed in Civ.R. 8(C). Jim's Steak House,Inc. v. City of Cleveland (1998), 81 Ohio St.3d 18, 20. Those members of the Court wrote that the Civ.R. 8(C) affirmative defenses can only be preserved by an answer or an amended answer. Id. at 20-21. The other four members of the court concurred in judgment only. Id. at 21. Regardless, as appellees filed only a postanswer motion, the issue of whether a prepleading motion is enough to preserve a Civ.R. 8(C) affirmative defense is not before us.