OPINION
{¶ 1} Petitioner-appellant, Vickie L. Coffland, appeals the decision of the Harrison County Common Pleas Court that reversed the decision of the magistrate. The magistrate ordered petitioner-appellant, Carl W. Coffland to pay his daughter's general fees, as a component of her college tuition, in accordance with the parties' Separation Agreement.
 {¶ 2} On March 4, 1998, appellant and appellee were granted a dissolution of marriage by the Court of Common Pleas of Harrison County. The Judgment Decree incorporated as Article VII, the Separation Agreement, which set forth the parties' financial responsibilities with respect to the college education of their two children. The pertinent section states:
 {¶ 3} "Husband [appellee] agrees to pay college expenses for the children who attend college commencing in the fall semester/quarter after graduation from high school for a maximum of four (4) years, paying tuition, room and board equivalent to the amount that would be payable at Ohio State University for a student `on campus.' The Wife (appellant) shall pay for books, educational materials related to class work, registration and university imposed incidental fees." (Emphasis added.)
 {¶ 4} The parties have two children, Amanda and James. Only Amanda's tuition for Ohio University is the subject of this appeal.
 {¶ 5} In accordance with the terms of the Separation Agreement, Amanda enrolled in college at Ohio University after graduating from high school. Ohio University's tuition statements do not include an umbrella category for tuition. Rather, they separately identify the components of the tuition as an "instructional fee" and a "general fee." Appellee paid both the instructional and general fees for Amanda's freshman and sophomore years, and for the first and second quarters of her junior year of college. Beginning in the third quarter of Amanda's junior year, appellee refused to pay the general fee. Appellee maintains that the general fee is an incidental fee which, according to the Separation Agreement, falls under the responsibility of appellant to pay.
 {¶ 6} Appellant and appellee were unable to reach an agreement with respect to the payment of Amanda's general fee. Appellant filed a Motion in Contempt in Harrison County, alleging that appellee was in contempt of the court's order by refusing to pay the general fee, which, as appellant asserts, is a component of appellee's tuition obligation. Appellant sought a lump sum judgment for reimbursement of costs she incurred as a result of appellee's failure to pay the general fee. Appellee responded by filing a Memorandum in Response and with a Motion to Enforce the Separation Agreement and a Request for Reimbursement of Past General Fees which appellee had paid (for Amanda's first eight quarters of college).
 {¶ 7} The magistrate held a hearing on these motions on October 2, 2001. The magistrate found that the general fee was a mandatory part of Ohio University's tuition, and therefore appellee was responsible for paying the general fee pursuant to Article VII of the Decree of Dissolution of Marriage. The magistrate awarded a lump sum judgment to appellant for payment of general fees which appellant was forced to pay as a result of appellee's refusal to do so. The magistrate's decision was filed at 10:16 a.m. on October 29, 2001.
 {¶ 8} The trial court recorded its decision on October 29, 2001, also at 10:16 a.m. The trial court found that "tuition does not mean the payment of miscellaneous and other non instructional fees." Consequently, it reversed the magistrate's recommendation that appellee be responsible for the general fee. Appellant was ordered to pay $1,528.00 to appellee as compensation for the past general fees paid by the appellee, for which appellant was deemed responsible. The trial court opinion advised both parties that they had fourteen days in which to file objections to the magistrate's decision. Neither party filed any objections to the magistrate's decision. This appeal followed.
 {¶ 9} Appellant's first assignment of error states:
 {¶ 10} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT OVERRULED, IN PART, THE MAGISTRATE'S DECISION OF OCTOBER 29, 2001, AND ENTERED JUDGMENT ONE THE SAME DAY IN VIOLATION OF OHIO CIVIL RULE 53(E)(3) AND (E)(4)."
 {¶ 11} "A trial court's decision to adopt, reject or modify a magistrate's report and recommendation, or to hold further hearings, will be reversed on appeal only for an abuse of discretion. Wade v. Wade
(1996), 113 Ohio App.3d 414, 419. An abuse of discretion, `connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.' Blakemore v. Blakemore,
(1983), 5 Ohio St.3d 217, 219." Conti v. Christoff, 7th Dist. Nos. 99 CA 84 and 99 CA 327, 2001-Ohio-3421, at ¶ 22.
 {¶ 12} On October 29, the trial court recorded its journal entry modifying the magistrate's decision at precisely the same time that the magistrate recorded its judgment. Both entries are time and date stamped with "01 Oct 29 AM 10:16" by the Harrison County Clerk of Courts. Appellant asserts that this is reversible error because the simultaneous filing prevented either party from making objections.
 {¶ 13} Magistrates' decisions are controlled by Civ.R. 53(E). Once a magistrate issues its decision, the trial court may accept, vacate, or modify the decision by issuing its own orders. Appellant asserts that a trial court commits reversible error when it does not allow the parties to file timely objections to the magistrate's decision. There are two flaws with this argument. First, at no point did appellant assign any error to the magistrate's decision. In fact, appellant is seeking to have the magistrate's decision enforced in full. So, appellant would not have wanted to object to any of the magistrate's findings. Secondly, Civ.R. 53(E)(4)(c) specifically allows trial courts to issue interim orders, pending objections from the parties:
 {¶ 14} "Permanent and interim orders. The court may adopt a magistrate's decision and enter judgment without waiting for timely objections by the parties, but the filing of timely written objections shall operate as an automatic stay of execution of that judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered. The court may make an interim order on the basis of the magistrate's decision without waiting for or ruling on timely objections by the parties where immediate relief is justified. * * *"
 {¶ 15} After the trial court issues its judgment, the parties are under strict time constraints within which they must file their objections:
 {¶ 16} "(a) Time for filing. Within fourteen days of the filing of a magistrate's decision, a party may file written objections to the magistrate's decision. If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. * * *" Civ.R. 53(E)(3)(a).
 {¶ 17} A party's failure to file a timely objection may adversely impact their options with respect to a subsequent appeal:
 {¶ 18} "Form of objections. * * * A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Civ.R. 53(E)(3)(b).
 {¶ 19} If a party wishes to assign as error, on appeal, issues relating to a magistrate's finding of fact or conclusion of law, they must file a timely objection in accordance with Rule 53(E). State exrel. Booher v. Honda of Am. Mfg. Inc. (2000), 88 Ohio St.3d 52. Appellant incorrectly asserts that the timing of the trial court's decision was improper because it served as a bar on its filing of objections. This was not the case as appellant still had 14 days in which to file objections, subsequent to the trial court's decision. Thus, appellant still had the opportunity, which it did not utilize, to file timely objections. This point, however, is irrelevant. As already discussed, appellant does not wish to question the magistrate's findings of fact or conclusion of law, thus there was no need for appellant to file objections in accordance with Civ.R. 53. Appellant only wishes to assign error to the trial court's decision, not to the magistrate's findings.
 {¶ 20} This still leaves the question of the legitimacy of the court's decision to file its journal entry at the same time that the magistrate's decision was filed. The Ohio Supreme Court has held that "[u]nder Civ.R. 53(E)(4)(c) a court "may adopt a magistrate's decision and enter judgment without waiting for timely objections by the parties * * *.'" Duganitz v. Ohio Adult Parole Auth., 92 Ohio St.3d 556, 557,2001-Ohio-1283. There is no prohibition, either in the civil rules or in the common law, against a trial court entering a modification without awaiting timely objections. Thus, the court was acting within its prerogative to enter its modification without waiting for timely objections.
 {¶ 21} Accordingly, appellant's first assignment of error is without merit.
 {¶ 22} Appellant's second assignment of error states:
 {¶ 23} "THE TRIAL COURT ERRED AS A MATTER OF LAW AND TO THE PREJUDICE OF THE APPELLANT WHEN IT OVERRULED THAT PART OF THE MAGISTRATE'S DECISION OF OCTOBER 29, 2001, FINDING THAT THE GENERAL FEE IS A MANDATORY COMPONENT OF TUITION FOR OHIO UNIVERSITY."
 {¶ 24} Appellant argues that the trial court improperly ruled that the general fee assessed by Ohio University is not a component of the university's mandatory tuition. Appellee argues in support of the court's holding that the general fee was outside the definition of tuition and, rather, an incidental cost of education. Each of the parties and the court below relied on Baker v. Baker (1990), 68 Ohio App.3d 402 in support of their respective positions.
 {¶ 25} In Baker, the father refused to pay for his child's general fees to the University of Toledo as a part of his obligation to pay for his child's tuition. The University of Toledo did not have a category marked "tuition" on its fee statements. It subdivided the total tuition into categories such as "undergraduate fee" and "general fee." Id. The Sixth District distinguished these tuition fees from other expenses of attending the University of Toledo." The court observed that "the general fee is a fee assessed against all students for admission into the college" and, therefore, "is not optional fee but is part of the amount charged for an in-state student to attend and receive credit for courses at the University of Toledo." Id. at 405.
 {¶ 26} Baker is distinguishable from the case at hand. The language of the separation agreement is different. The father agreed to pay the tuition. However, there was no provision for the mother to pay any of the educational expenses.
 {¶ 27} "ARTICLE 4. CHILD SUPPORT
 {¶ 28} "* * *
 {¶ 29} "(c) If the husband is financially able, he shall provide college education for any of the three children according to the following conditions: (1) Husband shall pay tuition in an amount equal to that charged for an `in-state' student at a state supported institution; * * *."
 {¶ 30} Appellee and the trial court also cited Weber v. Weber
(Jan. 5, 1994), 9th Dist. No. 16278. However, Weber is not entirely on point either. In Weber, the appellate court held that as a part of his tuition obligations, the father was only required to pay for "course fees, not other school-related expenses such as room and board." TheWeber case does not address the subject of general fees, rather it was concerned with the allocation of financial aid to specific items within the student's budget, among which were tuition and room and board. The court limited its holding to address the point that room and board was not a mandatory fee, thus it was not a part of the student's tuition. Id. This category of fees is not even in question in the present case, nor does it help in any way.
 {¶ 31} Appellant argues that since Ohio University considers the general fee to be a mandatory fee that it should also fall within the definition of tuition as set forth in the parties' separation agreement. That fact is not relevant to this case. It was relevant in Baker because the father had agreed to pay the children's' tuition. However, in this case, appellant also agreed to pay for certain educational related expenses including "university imposed incidental fees." Nothing in the parties' agreement dictates that the payment of expenses hinges on whether they are mandatory. Also, the registration fee is included in the general fee, an expense specifically identified in the agreement to be paid by appellant.
 {¶ 32} Accordingly, appellant's second assignment is without merit.
 {¶ 33} The judgment of the trial court is hereby affirmed.
Judgment affirmed.
Waite, J., and DeGenaro, J., concurs.