OPINION
{¶ 1} Plaintiffs-appellants Verner and Donna Koberstein appeal from the October 23, 2003, Judgment Entry of the Mansfield Municipal Court. Appellee has filed a cross-appeal.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On August 23, 1999, appellants Verner and Donna Koberstein [hereinafter "appellants"] filed a complaint against appellee Richland Lumber [hereinafter "appellee"], Inc. in the Mansfield Municipal Court. Appellants, in their complaint, alleged that they had entered into a contract with appellee to purchase doors and windows and that appellee breached the contract by providing the wrong doors and windows. Appellants, in their complaint, demanded a jury trial. Appellee filed an answer to appellants' complaint on September 29, 1999.
 {¶ 3} On January 28, 2000, appellee filed a Motion for Summary Judgment to which appellants filed a memorandum in opposition on April 11, 2000. Attached to the memorandum in opposition was the affidavit of appellant Donna Koberstein. Appellee, in a response brief filed the next day, argued that appellant Donna Koberstein's affidavit should be stricken since "it does not contain the recitation required under Civil Rule 56(E) that the affidavit is based upon personal knowledge and that the statements set forth therein are true." Thereafter, an amended affidavit was filed on April 20, 2000. Appellant Donna Koberstein, in the same, stated that she had "personal knowledge of the facts set forth above" and that she was "competent to testify to the matters set forth above."
 {¶ 4} Pursuant to a Judgment Entry filed on April 25, 2001, the trial court overruled appellee's Motion for Summary Judgment, finding that there was a genuine issue of material fact. The matter then proceeded to jury trial before a Magistrate on July 29, 2002, and the jury returned a unanimous verdict in favor of appellee. As memorialized in a proposed decision filed on August 8, 2002, the Magistrate recommended that, in accordance with the jury verdict, judgment be rendered against appellants and in favor of appellee. A Judgment Entry adopting the proposed decision and entering judgment in favor of appellee was filed by the trial court on September 9, 2002.
 {¶ 5} Subsequently, on September 23, 2002, appellants filed an objection to the Magistrate's decision, arguing that Civ.R. 59(C)(1)(a)(iii) [sic][1] "only allows a Magistrate to preside over a jury trial upon written consent of the parties. There was none." Appellee, in a memorandum filed in response to the objection, noted that the parties had verbally consented to the trial by the Magistrate in a pre-trial discussion in the Magistrate's office.
 {¶ 6} Pursuant to a Judgment Entry filed on October 23, 2002, the trial court denied appellants' objection, stating, in relevant part, as follows:
 {¶ 7} "In this matter both parties were represented by Counsel. Both parties were fully aware that Alesch-Scholl was a Magistrate and not a Judge. There was never any question or objection on paper, pleadings, pretrial statements by the Attorneys, etc. through out the case that Magistrate Scholl would be presiding. The counsel for both parties worked together on the final Judgment Entry after the jury made its decision. This Objection came after the Plaintiffs did not obtain the verdict they desired.
 {¶ 8} "The Court further notes that the Objection from the Plaintiff came over 30 days after the statutory objection time had run. . . ."
 {¶ 9} It is from the trial court's October 23, 2002, Judgment Entry that appellants now appeal, raising the following assignment of error:
 {¶ 10} "The trial court committed prejudicial error by granting judgment to the defendant after a jury trial before the magistrate, where the plaintiffs did not consent in writing to the magistrate presiding over the jury trial."
 {¶ 11} Appellee filed a cross-appeal. The following sole assignment of error was raised on cross-appeal:
 {¶ 12} "The trial court erred in denying the defendant's motion for summary judgment on the undisputed material facts."
 I {¶ 13} Appellants, in their sole assignment of error, argue that the trial court committed prejudicial error by granting judgment in favor of appellee and against appellants after a jury trial before the Magistrate when appellants did not consent in writing to the Magistrate presiding over the jury trial as required by Civ.R. 53(C)(1)(a)(iii). We disagree.
 {¶ 14} Civ.R. 53(C) states, in relevant part, as follows:
 {¶ 15} "(1) Order of reference
 {¶ 16} "(a) A court of record may by order refer any of the following to a magistrate: . . .
 {¶ 17} "(iii) upon the unanimous written consent of the parties, the trial of any case that will be tried to a jury." (Emphasis added).
 {¶ 18} There is no dispute, in the case sub judice, that the parties did not consent in writing to the Magistrate presiding over the jury trial in this matter as required by the above rule. Rather, the parties consented orally to the matter proceeding before the Magistrate for jury trial. As is stated above, the jury trial was held and the jury returned with a verdict in favor of appellee. The Magistrate, in a proposed decision filed on August 8, 2002, recommended that, in accordance with the jury verdict, judgment be rendered against appellants and in favor of appellee. After no timely objections or requests for an extension of time within which to file objections were filed, the trial court, pursuant to a Judgment filed on September 9, 2002, adopted the Magistrate's proposed decision and entered judgment in favor of appellee. Appellants did not file their objection until September 23, 2002 — two weeks after the trial court adopted the Magistrate's proposed decision.
 {¶ 19} Civ.R. 53(E) states, in pertinent part, as follows:
 {¶ 20} "(3) Objections.
 {¶ 21} "(a) Time for filing. A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, regardless of whether the court has adopted the decision pursuant to Civ. R. 53(E)(4)(c)."
 {¶ 22} While a trial court is not required to consider objections that are untimely filed, "if . . . objections are filed after the expiration of the fourteen-day period allowed by Civ. R. 53(E)(2) [now Civ. R. 53(E)(3)(a)] but before the court's entering final judgment, the court may consider them sua sponte, and such consideration will be construed as the granting of leave to file late objections. . . ." Baker v. Baker (1990),68 Ohio App.3d 402, 405, 588 N.E.2d 944. (Emphasis added.)
 {¶ 23} Appellants, in this matter, did not file their objection in a timely manner and, in fact, filed their objectionafter the trial court had already adopted the Magistrate's proposed decision and entered judgment in favor of appellee. While the trial court, in its October 23, 2003, Judgment Entry overruling appellants' objection, did address the merits of appellants' argument that written consent to a jury trial was required, we note that the trial court, in such entry, also stated that "the Objection from the Plaintiff [appellants] came over 30 days after the statutory objection time had run." Thus, the trial court did not implicitly grant appellants an extension of time within which to file their objections to the Magistrate's decision. Furthermore, since final judgment had been entered at the time the objection was filed, the trial court was not free to consider the same.
 {¶ 24} Because appellants failed to timely object to the Magistrate's decision, the trial court had authority under Civ.R. 53(E)(4)(a) to accept the findings of the magistrate. Civil R. 53(E) states, in relevant part, as follows:
 {¶ 25} "(4) Court's action on magistrate's decision (a) When effective. The magistrate's decision shall be effective when adopted by the court. The court may adopt the magistrate's decision if no written objections are filed unless it determines that there is an error of law or other defect on the face of the magistrate's decision."
 {¶ 26} At the time the trial court adopted the Magistrate's proposed decision, no objections had been filed. Therefore, our review is limited solely to an error of law or other defect on the face of the magistrate's decision.
 {¶ 27} As noted by appellee, the Magistrate's decision does not address what type of consent, whether written or oral, was obtained from the parties. Therefore, since there is no apparent error on the face of the Magistrate's decision, the trial court's decision adopting the same must be upheld.
 {¶ 28} Appellants' sole assignment of error is, therefore, overruled.
 CROSS-APPEAL {¶ 29} Appellee/cross-appellant, in its sole assignment of error on cross-appeal, argues that the trial court erred in overruling its Motion for Summary Judgment.
 {¶ 30} Based on our disposition of the above assignment of error, appellee/crossappellant's assignment of error on cross-appeal is moot.
 {¶ 31} Accordingly, the judgment of the Mansfield Municipal Court is affirmed.
Edwards, J., Gwin, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Mansfield, Ohio, Municipal Court is affirmed. Costs assessed to appellant.
[1] Appellants clearly meant to cite to Civ. R. 53(C)(1)(a)(iii).