{¶ 157} I agree with the majority as to the disposition of the first assignment of error. I disagree with the majority as to the extent of its analysis of the first assignment of error. The only issues regarding distribution of the parties' assets and debts raised by the appellant in his objection to the Magistrate Decision were that the Magistrate erred in attributing $18,000.00 in debt to the appellee's side of the trial spread sheet when appellee failed to produce evidence to corroborate these loans from her family and that the Magistrate failed to give appellant credit for reducing the mortgage principal by $11,951.21. I would have addressed those two limited issues only in my analysis of the first assignment of error.
 {¶ 158} I agree with the majority as to its analysis and disposition of the second, third and fourth assignments of error.
 {¶ 159} I agree with the majority as to its disposition of the fifth assignment of error. I disagree with the majority as to its analysis of the fifth assignment of error. I would find that appellant has waived any error regarding his motion for fees since said issue was not raised before the trial court when the appellant could have easily done so in his objection to the Magistrate's Decision.
 {¶ 160} I agree with the majority as to its disposition of the sixth and seventh assignments of error. But, while I agree that both assignments of error should be overruled, I strongly disagree with the majority as to the analysis of these assignments of error. The majority overrules the sixth and seventh assignments of error because it finds that the error made by the trial court was harmless. The majority specifically finds that the trial court was without subject matter jurisdiction to find the appellant in contempt because the appellee raised this issue in an objection filed too late. But since, no penalty was imposed for the contempt, the error made by the trial court was harmless.
 {¶ 161} I find that the trial court did have subject matter jurisdiction to rule on the late objections to the Magistrate's Decision filed by the appellee. Civil Rule 53(E)(3)(a) sets forth when objections have to be filed. Civil Rule 6(B) allows a trial court to expand most time deadlines set forth in the Civil Rules. I concede that there was no motion made by appellee under Civ. Rule 6(B), but I agree with the finding in Baker v. Baker
(1990), 68 Ohio App.3d 402, 405, 588 N.E.2d 944. While a trial court is not required to consider objections that are untimely filed, "if . . . objections are filed after the expiration of the . . . period allowed by Civil Rule 53(E)(2) [now Civ. R. 53(E)(3)(a)] but before the court's entering final judgment, the court may consider them sua sponte, and such consideration will be construed as the granting of leave to file late objections. . . ."[1]
 {¶ 162} Therefore, I conclude that the trial court had subject matter jurisdiction to rule on appellee's late objections and, by ruling on these objections, impliedly had granted leave to appellee to file them late. Since those objections were filed prior to the trial court entering judgment and there was no objection made to the trial court by appellant to these late objections, the appellant has waived that issue on appeal.
 {¶ 163} In addition, I find that the trial court did not abuse its discretion in finding appellant in contempt of court.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] This court cited Baker in its decision of Koberstein v.Richland Lumber, Inc., Richland App. No. 03-CA-110,2004-Ohio-5291. This court in Koberstein found that the trial court could not rule on the tardy objections, but the objections in Koberstein were filed after the trial court had entered final judgment.