OPINION
{¶ 1} Plaintiffs-appellants Thomas Ingledue and Joanne Ingledue, appeal from the June 28, 2006, Judgment Entry of the Delaware County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On June 2, 2004, appellants Thomas and Joanne Ingledue filed a complaint for money damages against appellees Premier Siding Roofing, Inc., et al.[1] Appellants, in their complaint, alleged that appellees had breached a contract to provide roofing and siding repair services to appellants' property located at Westerville, Ohio by painting the cedar siding instead of staining it and, in the process, ruining the cedar siding. In addition, appellants alleged that appellees had negligently performed other services related to the siding repair. Appellees filed a counterclaim against appellants for the remaining money owed on the contract, approximately $6,000.00 plus interest. The total contract price was $9,000.00.
 {¶ 3} On April 11, 2005, appellants waived their request for a jury trial. On July 8, 2005, the trial court filed an Entry of Reference, referring the case to a Magistrate for a bench trial and decision pursuant to Civ. R. 53.
 {¶ 4} Pursuant to a Magistrate's Decision filed on October 4, 2005, the Magistrate recommended that appellees be granted judgment against appellants in the amount of $8,640.00. In addition, the Magistrate recommended that appellees be awarded interest of 2% per month on the outstanding balance from November 8, 2003. However, in calculating the total damages, the Magistrate calculated the interest twice on the judgment.
 {¶ 5} On October 18, 2005, appellants filed an objection to the Magistrate's decision only objecting to the Magistrate's calculation of damages and interest on appellees' counterclaim. Appellants did not request a transcript of the proceedings at that time. An Amended Magistrate's Decision was filed on November 2, 2005, which corrected the damages calculation contained in the original decision.
 {¶ 6} Thereafter, appellants, on November 4, 2005, withdrew their objection to the Magistrate's October 4, 2005, decision and, on November 16, 2005, refiled objections to the Magistrate's Decision. On the same date, appellants filed a request for a transcript of the proceedings before the Magistrate.
 {¶ 7} Pursuant to a Judgment Entry filed on December 5, 2005, the trial court denied appellants' refiled objections. The Court, in its entry, held that appellants had failed to provide a transcript as previously required under the original objections and had waived any further objections on November 4, 2005, when they withdrew their original objection.
 {¶ 8} Appellants then appealed from the trial court's December 5, 2005, Judgment Entry. Pursuant to an Opinion filed on May 30, 2006 in Ingledue v. Premier Siding Roofing, Inc., Delaware App. No. 2005CAE120088, 2006-Ohio-2698, this Court dismissed appellants' appeal, finding that the December 5, 2005, Judgment Entry was not a final appealable order.
 {¶ 9} Thereafter, as memorialized in a Judgment Entry filed on June 28, 2006, the trial court approved and adopted the Magistrate's Decision.
 {¶ 10} Appellant now raises the following assignment of error on appeal:
 {¶ 11} "THE TRIAL COURT ERRED IN DENYING THE PLAINTIFFS' OBJECTIONS TO THE MAGISTRATE'S DECISION FILED WITHIN 14 DAYS OF THE FILING OF THE MAGISTRATE'S AMENDMENT TO THE ORIGINAL DECISION ON THE BASIS THAT SUCH OBJECTIONS WERE NOT TIMELY FILED AND THAT PLAINTIFFS' FAILED TO PROVIDE A TRANSCRIPT OF THE PROCEEDINGS."
 {¶ 12} This case comes to us on the accelerated calendar. App. R. 11.1 which governs accelerated calendar cases, provides in pertinent part:
 {¶ 13} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 14} This appeal shall be considered in accordance with the aforementioned rule.
 I {¶ 15} Appellant, in his sole assignment of error, argues that the trial court erred in denying appellants' refiled objections to the Magistrate's Decision. We disagree.
 {¶ 16} Civ.R. 53 (E)(3)(a) stated, in relevant part, as follows:
 {¶ 17} "(i) Time for filing. A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision regardless of whether the court has adopted the decision pursuant to Civ. R. 53 (E)(4)(c) . . ."[2]
 {¶ 18} While a trial court is not required to consider objections that are untimely filed, "if . . . objections are filed after the expiration of the fourteen-day period allowed by Civ. R. 53(E)(2) [Civ. R. 53(E)(3)(a) as of 2005] but before the court's entering final judgment, the court may consider them sua sponte, and such consideration will be construed as the granting of leave to file late objections. . . ." Baker v. Baker (1990),68 Ohio App.3d 402, 405, 588 N.E.2d 944. (Emphasis added.)
 {¶ 19} As is stated above, in the case sub judice the original Magistrate's Decision was filed on October 4, 2005. The Magistrate, in her decision, recommended that judgment be granted in favor of appellees and against appellant on appellant's complaint and that judgment be granted in favor of appellees and against appellant on appellees' counterclaim. The Magistrate specifically found that appellant had paid only $3,000.00 on the $9,000.00 contract and recommended that appellees be granted judgment against appellants in the amount of $8,640.00 plus interest from November 8, 2003.
 {¶ 20} Thereafter, on October 18, 2005, appellants filed an objection to the October 4, 2005, Magistrate's Decision. Appellants, in their objection, only objected to the Magistrate's calculation of damages and interest on appellees' counterclaim. In its response filed on October 31, 2005, appellees argued that appellants' objection should be overruled since appellants had failed to support their objection with a transcript of the trial before the Magistrate. Appellants, in their October 31, 2005, reply, argued that no transcript was necessary. Appellants specifically alleged as follows:
 {¶ 21} "The Magistrate on page 4 of her decision found that the Defendant's claim for payment on the contract is hereby granted. The Court determined that `Plaintiff payed [sic] only $3,000.00 on the $9,000.00 contract.' The Court further concluded that the contract called for unpaid balances to accrued interest at the rate of 2% per month beginning on November 8, 2003. Plaintiff has not objected to these facts. Accordingly, $6,000 is owed and interest accrued at $120 per month beginning on November 8, 2003. This was approximately $8,640.00 total at the time of the decision.
 {¶ 22} "The error arises in the Magistrate's concluding paragraph where she calculates interest twice on the judgment. The Magistrate concludes that Defendants damages of $8,640 were owed, `plus interest from November 8, 2003 until paid in full at the rate of $120 per month.' The Magistrate's decision is defective on its face. As such, there is no need for a transcript."
 {¶ 23} An Amended Magistrate's Decision was then filed on November 2, 2005. The Magistrate, in her Amended Decision, recommended that appellees be granted a judgment against appellants in the amount of $8,640.00 plus interest from September 8, 2005. The original Magistrate's Decision was not amended in any other manner.
 {¶ 24} In response, appellants, pursuant to an Entry filed on November 4, 2005, withdrew their October 18, 2005, objection to the Magistrate's October 4, 2005, Decision. On November 16, 2005, appellants filed new objections to the Magistrate's Decision. None of the issues raised in the new objections had been raised in appellants' original objection.
 {¶ 25} In its December 5, 2005, Judgment Entry denying appellants' refiled objections, the trial court stated, in relevant part, as follows:
 {¶ 26} "The Court hereby denies the Plaintiffs' `Refiled Objections' for the following reasons:
 {¶ 27} "1. The Plaintiffs failed to provide a transcript as previously required under the original Objections.
 {¶ 28} "2. The Plaintiffs waived any further Objections as evidenced by the entry of November 4, 2005, when the Plaintiffs withdrew their Objections.
 {¶ 29} "3. The Plaintiff's `Refiled Objections' are a transparent effort to engage in frivolous conduct, and an attempt for a second chance to argue new Objections.
 {¶ 30} "Therefore, the Plaintiffs' `Refiled Objections' are here by denied."
 {¶ 31} We find that the trial court did not err in denying appellants' refiled objections as untimely. While appellants argue that once the Amended Magistrate's Decision was filed on November 2, 2005, they had additional time within which to file objections, we disagree. The Amended Magistrate's Decision in this case only changed the calculation of damages in response to appellants' original objection. The objections that appellants filed on November 16, 2005, raised issues that could have been raised in their original objection, but were not. We concur with the trial court that appellants' "refiled objections" were an attempt for a second chance to argue new objections. It was within the trial court's discretion to refuse to consider the same since such objections were untimely.
 {¶ 32} Appellants' sole assignment of error is, therefore, overruled.
 {¶ 33} Accordingly, the judgment of the Delaware County Court of Common Pleas is affirmed.
By: Edwards, J. Gwin, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs assessed to appellants.
[1] The other appellees were Samuel W. Koster, dba Premier Siding Roofing and John Dol Company, dba Premier Siding 
Roofing.
[2] Civ. R. 53 has since been reorganized, effective July 1, 2006.