MILLS, APPELLANT, ET AL., *v.* WHITEHOUSE TRUCKING CO. ET AL.; CITY OF HILLSBORO, APPELLEE.

(No. 73-991—Decided December 4, 1974.)

56

*Mr. John O. Crouse,* for appellant.

*Mr. Eugene A. Pyle* and *Mr. Jon C. Hapner,* for appellee.

CORRIGAN, J. Appellant, in this action, asserts a single proposition of law for this court's consideration. It states:

"The defense of statute of limitations is in [an] affirmative defense which must be raised by pleading in accordance with Rule 8-C or by motion timely filed in accordance with Rule 12-B (6) of the Civil Rules of Procedure. Pleading the affirmative defense in an answer that 'The petition does not set forth a claim' does not raise the defense of statute of limitations under the Ohio Rules of Civil Procedure."

Appellant contends that the defense of the statute of limitations was not raised in appellee's answer pursuant to Civ. R. 8(C), that appellee's motion filed in accordance

with Civ. R. 12(B)(6) was not timely, and, therefore, the defense was waived pursuant to Civ. R. 12(H).

Civ. R. 8(C) provides, in part:

"In pleading to a preceding pleading, a party shall set forth affirmatively * * * statute of limitations * * * and any other matter constituting an avoidance or affirmative defense. * * *"

Appellee's first defense, "the complaint fails to state a claim against the defendant, City of Hillsboro, upon which relief can be granted," clearly fails to allege affirmatively the bar of the statute of limitations to the present action nor does it formulate in a simple, concise, and direct manner the issue to be resolved by the trial court.

Appellee maintains that appellant's complaint clearly shows on its face that the cause of action against appellee is barred by the statute of limitations and the complaint is, therefore, subject to dismissal pursuant to Civ. R. 12 (B)(6) for failure to state a claim upon which relief can be granted.

Appellee is correct insofar as it maintains that a Civ. R. 12(B)(6) motion will lie to raise the bar of the statute of limitations when the complaint shows on its face the bar of the statute.

Prior to the effective date of the Civil Rules, this court held, in *Wentz* v. *Richardson* (1956), 165 Ohio St. 558, that the bar of the statute of limitations may be effectively raised by a motion to dismiss, where it is apparent from the record before the court that the limitation period has run through failure to obtain timely service and no good reason has been advanced as to why the record should not prevail.

In a subsequent decision, *Aetna Cas. & Sur. Co.* v. *Hensgen* (1970), 22 Ohio St. 2d 83, this court construed the motion to dismiss, approved in *Wentz, supra*, as a special demurrer based on the statute of limitations, since that motion had been made before answer day and within the time limit for filing a demurrer. In so doing, the court stated, in paragraph one of the syllabus, the Ohio law prior

to the effective date of the Civil Rules, as follows:

"Where a defendant fails to raise the objection that an alleged cause of action was not brought within the time limited for the commencement of such action, by a demurrer or by answer *or in any other manner before filing an answer,* such defendant thereby waives that ground of objection. (R. C. 2309.08 and 2309.10, construed and applied.)" (Emphasis ours.)

The Ohio Rules of Civil Procedure became effective July 1, 1970, and govern the pending action. Civ. R. 7(C) specifically abolishes the use of demurrers. Civ. R. 12(B) provides a pleader with the option of raising certain designated defenses by motion. Among them is the Civ. R. 12(B)(6) defense, "failure to state a claim upon which relief can be granted," which supersedes the common-law demurrer as a vehicle for challenging a pleading which is defective on its face.

Civ. R. 12(B), however, provides that a motion making any of the enumerated defenses shall be made before pleading if a further pleading is permitted. Additionally, Civ. R. 12(H) provides, in part:

"A party waives all defenses and objections which he does not present either by motion as hereinbefore provided or if he has made no motion, by responsive pleading or an amendment thereof made as a matter of course under Rule 15(A) * * *."

The problem in the present case arises from the fact that Civ. R. 12(H) (1) contains an exception to the waiver provision which also allows the Civ. R. 12(B)(6) defense to be raised by motion for judgment on the pleadings or at the trial on the merits.

Appellee contends, and the Court of Appeals agreed, that appellee's oral motion made at trial concerning the statute of limitations was such a motion as Civ. R. 12(H) (1) contemplated, and should have been allowed. This contention is without merit.

A clear distinction exists in the Civil Rules between the affirmative defense of the bar of the statute of limita-

tions pursuant to Civ. R. 8(C), and a Civ. R. 12(B)(6) defense. The purpose behind the allowance of a Civ. R. 12(B) motion to dismiss based upon the statute of limitations is to avoid the unnecessary delay involved in raising the bar of the statute in a responsive pleading when it is clear on the face of a complaint that the cause of action is barred. The allowance of a Civ. R. 12(B) motion serves merely as a method for expeditiously raising the statute of limitations defense. If the bar of the statute is not raised either by motion before pleading or affirmatively in a responsive pleading, or by amendment made under Civ. R. 15, then the defense is waived under Civ. R. 12(H), as are all other affirmative defenses which a party may present.

This result is in accord with the pre-Civil Rules procedure established by this court in the *Hensgen* decision above. To hold otherwise would effectively place the burden of affirmatively pleading compliance with the statute of limitations upon the plaintiff, contrary to the express mandate of Civ. R. 8(C), and contravene the intent of the Ohio Civil Rules to expedite the formulation of issues prior to trial.

In the present case, appellee's oral motion to dismiss, made at trial, was not timely made pursuant to Civ. R. 12 (B), and the defense of the statute of limitations is waived pursuant to Civ. R. 12(H).

For the foregoing reasons, the judgment of the Court of Appeals is, therefore, reversed.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.