[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Defendant-appellant J. Prudence Hunt appeals from the judgment requiring that a $3,000 payment be made to one of her two brothers, plaintiff-appellee Norman Ritchie. The controversy concerns the purchase by Hunt, at a disputed price, of her two brothers' interest in their deceased father's property. This is apparently the second case concerning this family controversy. The record for the earlier case numbered 01CV-17302 has not been transmitted to this court. In the current case, as the result of an equipment malfunction, there is no transcript of the hearing that resulted in the judgment against Hunt. A statement pursuant to App.R. 9(C) has been submitted by Hunt in lieu of the transcript.
{¶ 3} On appeal, Hunt raises one assignment of error: that the trial court erred when it rendered judgment in favor of Ritchie. With respect to Hunt's argument that the Civ.R. 8(C) affirmative offenses, including the statute of frauds and the statute of limitations, barred Ritchie's recovery, from what we can glean from the limited record, the earliest time Hunt raised the affirmative defenses was in her motion for a new trial. At that point in the litigation, Hunt had already waived any affirmative defenses.[1] Hunt also argues that the Small Claims Division of the Hamilton County Municipal Court lacked jurisdiction to hear a claim for money owed on "the remainder of buy out [sic] from my late father's estate." Hunt overlooks that the complaint for money owed was filed against her personally, and, that according to the magistrate's decision, Hunt proceeded to trial and presented a witness, her daughter. Moreover, Hunt acknowledged that she owed the money and admitted making partial payments that reduced the amount she owed from $4,000 to $3,000. In the review of a trial court's judgment, it is well established that every reasonable presumption must be made in favor of the judgment and any findings of fact.[2] On this record, we hold that there was competent, credible evidence to support the trial court's judgment in favor of Ritchie.[3] Accordingly, Hunt's single assignment of error is overruled.
{¶ 4} Therefore, we affirm the judgment of the trial court.
{¶ 5} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Winkler, JJ.
[1] See Civ.R. 8(C); Mills v. Whitehouse Trucking Co. (1974),40 Ohio St.2d 55, 59-60, 320 N.E.2d 668 (holding statute of limitations defense raised for the first time at trial by oral motion to dismiss was waived); Naylor v. Lacy, 3rd Dist. No. 7-02-01, 2002-Ohio-3392 (holding statute of frauds defense raised for the first time at trial was waived); Jim's Steak House v. Cleveland, Inc., 81 Ohio St.3d 18, 20,1998-Ohio-440, 668 N.E.2d 506.
[2] See Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,80, 461 N.E.2d 1273; Shemo v. Mayfield Hts., 88 Ohio St.3d 7, 10,2000-Ohio-258, 722 N.E.2d 1018.
[3] See C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578, syllabus.