OPINION
{¶ 1} Plaintiffs-appellants Roberta and Terry Haney appeal the October 24, 2002 Judgment Entry of the Tuscarawas County Court of Common Pleas which granted summary judgment against them. Defendants-appellees are Motorists Mutual Insurance Co. ("Motorist") and Globe American Casualty Co. ("Globe").
 STATEMENT OF THE FACTS AND CASE {¶ 2} On April 14, 1985, Roberta Haney was seriously injured while operating her motorcycle when Sarah Groh failed to yield the right-of-way when turning left and negligently operated her vehicle into Roberta's motorcycle. On January 3, 2002, appellants filed an amended complaint against three insurance companies including Motorist, Globe and Indiana Insurance Co. ("Indiana").
 {¶ 3} After the accident, appellants asserted claims against the tortfeasor for Roberta's injuries. Sarah Groh was insured by Great American Insurance Co. with a per person liability limit of $100,000. On January 12, 1987, appellants' claims against Sarah Groh were settled for $117,000. Appellants signed a release of all claims in favor of Groh.
 {¶ 4} On the date of the accident, Roberta was married to Terry Haney. Terry was the named insured under a personal automobile policy issued by Motorists. The personal auto policy issued by Motorists contained a UM/UIM motorist coverage form with coverage limits of $50,000 per person/$100,000 per accident.
 {¶ 5} In a July 13, 2001 letter, appellants notified Motorists of a potential underinsured motorist claim. It is undisputed appellants never notified Motorists of the tentative settlement with Groh and/or her insurer at any time prior to January 12, 1987, when appellants executed the release in favor of Groh. Motorists never consented to or approved of the settlement between appellants and the tortfeasor. Motorist did not consent to the settlement or authorize appellants to sign the release on January 12, 1987. When appellants did notify them of the potential claim, Motorist denied appellants' claim for underinsured motorist benefits due to late notice, and prejudice to their potential subrogation rights.
 {¶ 6} Roberta was also the named insured under a motorcycle policy issued by Globe. The declarations page of the policy showed UM/UIM coverage had been rejected. However, Globe never made an offer of UM/UIM motorist coverage and had no written rejection or reduction of UM/UIM coverage form signed by Roberta. Appellants notified Globe of their potential UM/UIM claims in June or July of 2001.
 {¶ 7} On January 3, 2002, appellants filed an Amended Complaint against Motorists, Globe and Indiana. Appellants settled their claim with Indiana. Motorists and Globe filed motions for summary judgment and appellants filed cross-motions for summary judgment. In an October 24, 2002 Judgment Entry, the trial court granted summary judgment in favor of Motorists and Globe. It is from that judgment entry appellants prosecute this appeal. Appellants have failed to set forth a page detailing their assignments of error, however, from reviewing the brief we understand appellants' assignments of error to be:
 {¶ 8} "A. IV. O.R.C. 3937.18 and the defendants' policy requires that plaintiffs be `legally entitled to recover' from the negligent tortfeasor. Legally entitled to recover means that the insured must be able to prove the elements of his or her claim against the tortfeasor. Though plaintiffs have settled with The tortfeasor, plaintiffs are still `legally entitled to recover' damages.
 {¶ 9} "B. The trial court erred when it determined that the statute of limitations had expired prior to the filing of this complaint by the plaintiffs. The statute of limitations for a contract claims is 15 years from the accrual of that claim. An underinsured claim accrues on the date of actual settlement with the tortfeasor. Plaintiff settled with the tortfeasor on 1-12-97 and therefore the complaint filed 8-13-2001 was filed timely. In addition, defendant Globe American Cas Co. did not plead statute of limitations and therefore waived that defense.
 {¶ 10} "B.1. The defendant Globe American Cas. Co. did not plead statute of limitations and therefore waived that defense.
 {¶ 11} "C. The trial court erred when it eliminated plaintiffs' UIM claim on the Globe American Cas. Co. policy due to claimed late notice and subrogation defenses.
 {¶ 12} "C.1. The Globe American Cas. Co. did not offer UM/UIM coverage prior to the inception date of the policy. The failure to offer UM/UIM coverage imposed said coverage by operation of law.
 {¶ 13} "C.II. Imposed by operation of law UM/UIM coverages provide coverage without restriction, limitation, condition, exemption or exclusion including any and all notice and subrogation defenses.
 {¶ 14} "C. III. Though notice is not a defense where UM/UIM coverage is imposed by operation of law, the only evidence before this court is that failure of notice is not and would not be a defense in this case. The uncontroverted evidence is that the tortfeasor was solely at failure, The tortfeasor was and is uncollectible and that defendants were not prejudiced.
 {¶ 15} "D. The trial court erred when it found that the subrogation clause in the Motorists Mutual Ins. Co. policy eliminated plaintiffs' UIM claim.
 {¶ 16} "D. I. The Motorist Mutual Ins. Co. policy has endorsed UM/UIM coverage. Where a policy provision would eliminate UM/UIM coverage that arose due to a change in the interpretation of the law, said provision is unenforceable.
 {¶ 17} "D. II. The Motorists Mutual Insurance Policy UM/UIM endorsement has conflicting clauses which create ambiguities. Those ambiguities must be construed in favor of the insured and strictly against the insurance carrier. Faruque v. Provident Life Acc. Ins.Co. (1987) 31 Ohio St.3d 34 and Robert Morris v. State Farm, supra.
 {¶ 18} "D. III. Each plaintiff is entitled to stack all coverage in full until each is compensated in full Savoie v. Grange Mut. Ins. Co. (1993) 67 Ohio St.3d 500 and Nottingham v. Allstate Ins. Co. (1996)76 Ohio St.3d 231. The Spousal Consortium Claim is subject to a separate limit of coverage up to the per occurrence limit. Leslie Farmer v. HollyDeeds (12-1-00) 5th Dist. Ct. of App. Licking County case number 00CA31;Cole v. Holland (1996) 76 Ohio St.3d 220, syllabus.
 {¶ 19} "E. The trial court erred when it said James v. MichiganMut. Ins. Co. was the law to be applied to this case and that Savoie did not apply. Savoie v. Grange Mut. Ins. Co. (1993) 67 Ohio St.3d 500 is the law to be applied to this case. Case law is to applied retroactively unless the issuing court expressly limits its holding to prospective application. Peerless Electric Co. v. Bower (1955) 164 Ohio ST. 209.
 {¶ 20} For ease of understanding, we separately address appellants' arguments as they relate to each appellee.
 GLOBE {¶ 21} Although the assignments of error are not clearly set forth, appellant appears to raise numerous issues relating to Globe. First, appellants maintain the trial court erred in determining the statute of limitations expired against Globe because Globe did not plead the statute of limitations and, accordingly, have waived that defense. Further, appellant maintain the trial court erred in finding the notice and subrogation provisions of Globe's policy precluded coverage where UM/UIM motorist coverage arose by operation of law. Finally, appellant maintains the trial court erred in applying James v. Michigan Mut. Ins.Co. (1985), 85 Ohio St.3d 356, to limit appellants' recovery from Globe to the limits of the tortfeasor's liability. Appellants contend the trial court should have applied Savoie v. Grange Mut. Ins. Co. (1993),67 Ohio St.3d 500, and Nottingham v. Allstate Ins. Co. (1996),76 Ohio St.3d 231. These cases would permit appellants to recover by stacking all coverages in full until appellants' damages had been satisfied.
 {¶ 22} In its October 24, 2002 Judgment Entry, the trial court concluded, as a matter of law, Globe was entitled to setoff the amount appellants had received from the tortfeasor ($117,000) against the Globe policy limit of $50,000. For this proposition the trial court cited Jamesv. Michigan Mut. Ins. Co., supra. If James applies, Globe would not be responsible for any further payments under their policy because the amount appellants received from the tortfeasor was in excess of the limits provided by Globe's UM/UIM coverage. Additionally, the trial court specifically found Savoie v. Grange Mut. Ins. Co. did not apply. If Savoie applies, appellants would be permitted to stack all UM/UIM coverages until their damages had been satisfied.
 {¶ 23} As noted above, the policy was in effect from March 28, 1985, through March 28, 1986. Roberta was injured on April 14, 1985. At the time of the contract, 3937.18(A)(2) effective between 1982 and 1986 stated:
 {¶ 24} "Underinsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for an insured against loss for bodily injury, a sickness or disease, including death, where the limits of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured are less than the limits for the insured's uninsured motorist coverage at the time of this accident. The limits of liability for an insurer providing underinsured motorist coverage shall be the Limits of such coverage, less those amounts actually recovered under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured."
 {¶ 25} We disagree with the trial court's finding James controlled, thereby permitting a statutory setoff under R.C. 3927.18(A). Even though Savoie was controlling law in the State of Ohio from October 1, 1993, through October 24, 1994, the Supreme Court in Cole v. Holland
(1996) 76 Ohio St.3d 220, held:
 {¶ 26} "Pursuant to former R.C. 3937.18, an underinsurance claim must be paid when the individual covered by an uninsured/underinsured policy suffers damages that exceed those monies available to be paid by the tortfeasor's liability carriers. In determining the amount of underinsurance coverage to be paid on a claim involving an accident governed by former R.C. 3937.18, the underinsurance provider is entitled to set off the amounts actually recovered from the tortfeasor's liability carriers against the insured's total damages, rather than against its policy limits. (Savoie v. Grange Mut. Ins. Co. [1993], 67 Ohio St.3d 500,620 N.E.2d 809, paragraph three of the syllabus, applied and followed.)" Syllabus.
 {¶ 27} In Cole, Supreme Court specifically found the statute permitted an insurance company to setoff the amounts available for payment from the tortfeasor's bodily injury liability coverage against the insurers' UM/UIM limits. However, under Savoie, a plaintiff would be entitled to stack UM/UIM coverages up to their total damages. In 1994, the Legislature passed Am.Sub.S.B. No. 20, explicitly superceding Savoie, and Savoie's application of the statute. However, the Supreme Court noted this most recent amendment to the statute had no retroactive effect. Accordingly, the Supreme Court determined it appropriate to apply Savoie, and its progeny, to the previous version(s) of the statute. In its analysis, the Supreme Court specifically disapproved of James and reaffirmed the holding of Savoie. As a result, the Supreme Court found an underinsurance claim must be paid when the individual covered by an uninsured/underinsured policy suffers damages in excess of the tortfeasor's liability limits. Id. at 356.
 {¶ 28} Accordingly, we find the trial court erred in applying James to permit an insurance company to setoff payments received by its insured from other sources against the underinsured motorist coverage policy limit to reduce the amount to be paid to the insured. Cole requires the application of Savoie to the version of R.C. 3917.18 at issue in this case.
 {¶ 29} Appellants next contend the trial court erred in applying the statue of limitations for contractual claims against them and in favor of Globe where Globe failed to plead statute of limitations as an affirmative defense. We agree.
 {¶ 30} The Ohio Supreme Court has held the affirmative defenses listed in Civ.R. 8 must be presented before pleading pursuant to Civ.R. 12(B), or affirmatively set forth in a responsive pleading pursuant to Civ.R. 8(C), or within an amended pleading pursuant to Civ.R. 15. Millsv. Whitehouse Trucking Co. (1974), 40 Ohio St.2d 55, 57, 69 O.O.2d 350, 351, 320 N.E.2d 668, 670; Carmen v. Link (1997), 119 Ohio App.3d 244,250, 695 N.E.2d 28, 31-32. The failure to utilize any of these methods results in a waiver of the affirmative defense. Id., citing Spence v.Liberty Twp. Trustees (1996), 109 Ohio App.3d 357, 366, 672 N.E.2d 213,219.
 {¶ 31} Any such defense must be "set forth affirmatively." Civ.R. 8(C) Failure to affirmatively set forth the affirmative defenses listed in Civ.R. 8 constitutes waiver of the defense. Arthur Young Co. v.Kelly (1993), 88 Ohio App.3d 343, 348, 623 N.E.2d 1303, 1306. Furthermore, these affirmative defenses cannot be asserted for the first time within a motion for summary judgment. Carmen v. Link (1997),119 Ohio App.3d 244, 250, 695 N.E.2d 28, 31-32.
 {¶ 32} Because Globe failed to plead the statute of limitations, it waived that defense. Therefore, the trial court's application of the statute of limitations was in error.
 {¶ 33} Appellant also maintains the trial court improperly applied the date of the accident as the date upon which the statute of limitations began to run on their claim against Globe. However, in light of our finding Globe failed to assert the statute of limitations as an affirmative defense, we find this portion of appellant's argument to be moot.
 {¶ 34} Finally, appellants maintain the trial court erred in finding appellants destroyed Globe's subrogation rights by settling with the tortfeasor and breached the notice provisions of the contract.
 {¶ 35} It is undisputed Globe did not offer UM/UIM coverage prior to the inception date of the policy. Where there was no offer of UM/UIM coverage, UM/UIM coverage arises by operation of law. Scott Pontzer v.Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660. Thus, any language in the Globe policy restricting insurance coverage was intended to apply solely to excess liability coverage and not for the purposes of UM/UIM coverage. Id. at 666. In other words, any restrictions or conditions to coverage under the liability policy do not carry over into UM/UIM coverage arising by operation of law. Hopkins v. Dyer, 2002-Ohio-1576, Tusc, App. Nos. 2001AP080087, 2001AP080088; Butcher v. Lewis, 2002-Ohio-1858, Stark App. No. 2001CA00219; Burkhart v. CNA Ins. Co.,2002-Ohio-903, Stark App. No. 2001CA00265.
 {¶ 36} Accordingly, appellants' assignments of error as they pertain to Globe are sustained.
 MOTORISTS {¶ 37} With regard to Motorists, appellants first assert the trial court erred in determining plaintiffs were not "legally entitled to recover damages." The trial court found appellants were not legally entitled to recover because they had executed a release of all claims in favor of the alleged tortfeasor. Therefore, the plaintiffs could not recover from the tortfeasor at the time of the presentation of their underinsured motorist claims. Further, the trial court found appellants were also not legally entitled to recover as the statute of limitations had run on the action by the time appellants filed their complaint.
 {¶ 38} As this court has already noted, "the phrase `legally entitled to recover' means the insured must be able to prove the elements of his or her claim" against the tortfeasor. Ohayon v. Safeco Ins. Co. ofIllinois, 91 Ohio St.3d 474, 484, 2001-Ohio-100, citing Kurent v. FarmersIns. of Columbus, 62 Ohio St.3d at 245, 581 N.E.2d at 536; see, also,State Farm Auto. Ins. Co. v. Webb (1990), 54 Ohio St.3d 61, 62,562 N.E.2d 132, 133. That the uninsured motorist tortfeasor may have a defense to the claim does not affect the insured's ability to prove the elements of the claim for damages nor the insured's right to recover uninsured motorists benefits from her insurer. See Sumwalt v. AllstateIns. Co. (1984), 12 Ohio St.3d 294, 295.
 {¶ 39} We disagree with the trial court appellants could not demonstrate they were legally entitled to recover under the policy. As that phrase has been defined in the case law, appellants were able to demonstrate the elements of their claim against the tortfeasor. The Motorist policy did not identify at what time the insureds ability to legally recover was to be determined. Accordingly, we conclude appellants satisfied the "legally entitled to recover" condition of the Motorist policy.
 {¶ 40} The trial court also found the statute of limitations had expired prior to the time appellants filed their complaint. In making this determination, the trial court noted the statute of limitations for a contract claim is 15 years from the date of the accrual of that claim. Further, the trial court found an underinsured motorist claim accrues, for the purposes of the statute of limitations, on the date of the accident. Judgment Entry at 10-12. We disagree.
 {¶ 41} A cause of action for underinsured motorist coverage occurs, not on the date the accident occurs, but when the tortfeasor's policy limits are exhausted. Verhovec v. Motorist Ins. Cas. (May 1, 1998), Tusc.App. No. 97AP120080, unreported, citing Snyder v. NationwideMut. Ins. Co. (Dec. 4, 1995), Stark App. No. 95CA146, unreported. "This is based upon the fact that underinsured coverage is only available when the damages suffered exceed those monies available under the tortfeasor's liability carrier." Id. at 5. It is only then that a cause of action for underinsured motorist benefits accrues. Kurtz v. Wayne Mut. Ins. Co. (Nov, 29, 1999), Richland App. No. 99CA24. To require insureds to sue their underinsurance carriers before they know that they are in an underinsured situation, "[t]aken to its logical conclusion . . . would mean a party's right to file suit is entirely divorced from their right to recover." Verhovec v. Motorist Ins. Cas. As such, this portion of appellants' assignment of error is also sustained.
 {¶ 42} Finally, the trial court concluded the notice and subrogation provisions of the Motorist policy were breached when appellants' settled with the tortfeasor without Motorists' consent. The trial court found the settlement constituted a material breach of the insurance contract, which relieved Motorists of its obligation to make any payment under the UM/UIM coverage. In so doing, the trial court applied the law as it existed before the Supreme Court decided Ferrandov. Auto-Owners Mut. Ins. Co., 98 Ohio St.3d 186, 2002-Ohio-7217.
 {¶ 43} In the Ferrando case, the Ohio Supreme Court held:
 {¶ 44} "When an insurer's denial of underinsured motorist coverage is premised on the insured's breach of a prompt-notice provision in a policy of insurance, the insurer is relieved of the obligation to provide coverage if it is prejudiced by the insured's unreasonable delay in giving notice. An insured's unreasonable delay in giving notice is presumed prejudicial to the insurer absent evidence to the contrary.
 {¶ 45} "When an insurer's denial of underinsured motorist coverage is premised on the insured's breach of a consent-to-settle or other subrogation related provision in a policy of insurance, the insurer is relieved of the obligation to provide coverage if it is prejudiced by the failure to protect its subrogation rights. An insured's breach of such provision is presumed prejudicial to the insurer absent evidence to the contrary. (Bogan v. Progressive Cas. Ins. Co. [1988], 36 Ohio St.3d 22,521 N.E.2d 447, paragraph four of the syllabus overruled in part.)" Ferrando at paragraphs one and two of the syllabus.
 {¶ 46} The Ferrando court articulated a two-step approach for determining whether the prompt notice and subrogation-related provisions were breached, and, if so, whether the breach resulted in prejudice to the extent UIM coverage is then forfeited. "The two-step approach in late-notice cases requires the court first determine whether the insured's notice was timely. This determination is based on asking whether the UIM insurer received notice `within a reasonable time in light of all the surrounding facts and circumstances.'" Ruby v.Midwestern Indem. Co. (1988), 40 Ohio St.3d 159, syllabus. If the insurer did receive notice within a reasonable time, the notice inquiry is at an end. Ferrando at 208. If the insurer did not receive reasonable notice, the next step is to inquire whether the insurer was prejudiced. Id. Unreasonable notice gives rise to a presumption of prejudice to the insurer. The insured then bears the burden of presenting evidence to rebut. Id.
 {¶ 47} Pursuant to Ferrando, we remand this matter to the trial court for the court to determine whether appellants notice to Motorists was timely, and if it was not timely, whether Motorists was prejudiced by the untimely notice. Further, we remand this matter for the trial court to determine whether Motorists subrogation provision was breached, and if so, whether Motorists was prejudiced by such breach under all of the circumstances.
 {¶ 48} Appellants' assignments of error are sustained.
 {¶ 49} The October 24, 2002 Judgment Entry of the Tuscarawas County Court of Common Pleas is reversed. This matter is remanded to the trial court for further proceedings consistent with law and this opinion.
Edwards, J. concurs.
Wise, J. dissents.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the October 24, 2002 Judgment Entry of the Tuscarawas County Court of Common Pleas is reversed. This matter is remanded to the trial court for further proceedings consistent with law and our opinion. Costs assessed to appellees.