JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant, Gary Lee Davis ("husband"), appeals the trial court's judgment dividing marital assets and awarding spousal support to plaintiff-appellee, Pamela J. Davis ("wife").[1]
 {¶ 2} The parties were married in 1973. Husband moved from the marital residence in 2002, and wife subsequently filed for a legal separation. The children of the marriage are emancipated adults.
 {¶ 3} Wife requested the sheriff to serve husband at his new address on Winton Avenue in Lakewood. The sheriff duly served him, but wrote the wrong name for him on the process he returned to the clerk of courts. Instead of stating that he had served "Gary Lee Davis," the sheriff's return states he served "Gary Lee Lewis."
 {¶ 4} Husband did not file an answer, but he did appear pro se at the October 24, 2002 hearing concerning temporary spousal support, which hearing was held before a magistrate. The magistrate ordered him to pay $2,295.00 per month.[2] He did not file any objection to this order.
 {¶ 5} The trial for final separation was held before a judge on December 13, 2002. Husband did not appear at the trial. Appealing the court's judgment through counsel, husband states two assignments of error, the first of which follows:
"I. The trial court erred by determining that appellant was duly servednotice of process in the within matter and that as a result of saiderror, the judgment of legal separation should be dismissed as void abinitio."
 {¶ 6} Husband argues that because the sheriff's affidavit states that he served a "Gary Lee Lewis" instead of "Gary Lee Davis," he never received service of process. Because of this alleged failure of service, he claims, the court's judgment is void ab initio.
 {¶ 7} "[A]n action is only `commenced' by obtaining service within one year of the filing of the complaint." Blount v. Schindler, Franklin App. No. 02AP-688, 2003-Ohio-2054, ¶ 27; Civ.R. 3(A). The methods of service are governed by Civ.R. 4.1, which provides for service by certified mail, personal service, or residence service. Maryhew v. Yova
(1984), 11 Ohio St.3d 154, 159.
 {¶ 8} Personal service is controlled by Civ.R. 4.1(B), which states in pertinent part:
"When the plaintiff files a written request with the clerk for personalservice, service of process shall be made by that method.
 When process issued from the Supreme Court, a court of appeals, a courtof common pleas or a county court is to be served personally, the clerkof the court shall deliver the process and sufficient copies of theprocess and complaint, or other document to be served, to the sheriff ofthe county in which the party to be served resides or may be found. Whenprocess issues from the municipal court, delivery shall be to the bailiffof the court for service on all defendants who reside or may be foundwithin the county or counties in which that court has territorialjurisdiction and to the sheriff of any other county in this state forservice upon a defendant who resides in or may be found in that othercounty. In the alternative, process issuing from any of these courts maybe delivered by the clerk to any person not less than eighteen years ofage, who is not a party and who has been designated by order of the courtto make service of process. The person serving process shall locate theperson to be served and shall tender a copy of the process andaccompanying documents to the person to be served. When the copy of theprocess has been served, the person serving process shall endorse thatfact on the process and return it to the clerk who shall make theappropriate entry on the appearance docket."
 {¶ 9} For a court to obtain jurisdiction over a defendant who has not been properly served according to the requirements of Civ.R. 4.1, that defendant must receive service of process either by "the voluntary appearance and submission of the defendant or his legal representative, or by certain acts of the defendant or his legal representative which constitute an involuntary submission to the jurisdiction of the court. The latter may more accurately be referred to as a waiver of certain affirmative defenses * * *." Maryhew at 156.
 {¶ 10} Affirmative defenses are governed by Civ.R. 12, which states in pertinent part:
"A defense of lack of jurisdiction over the person, improper venue,insufficiency of process, or insufficiency of service of process iswaived (a) if omitted from a motion in the circumstances described insubdivision (G), or (b) if it is neither made by motion under this rulenor included in a responsive pleading or an amendment thereof permittedby Rule 15(A) to be made as a matter of course."
 {¶ 11} Husband does not argue that the sheriff failed to comply with any portion of the rule except the endorsement of husband's name on the process. He argues that this error resulted in a failure of service and that the court therefore did not have personal jurisdiction over him. As the Supreme Court noted in Maryhew, however, the affirmative defense of service of process can be waived by failing to raise it as an affirmative defense before participating in the legal proceedings. The Tenth Appellate District recently reiterated this rule:
"Pursuant to Civ.R. 12(H), a defendant waives the affirmative defensesof lack of jurisdiction over the person or insufficiency of service ofprocess unless the defenses are presented (1) by motion before pleadingpursuant to Civ.R. 12(B), (2) affirmatively in a responsive pleading underCiv.R.8(C), or (3) within an amended pleading under Civ.R.15. State exrel. The Plain Dealer Publishing Co. v. Cleveland (1996), 75 Ohio St.3d 31,33. The failure to utilize the prescribed methods results in a waiver ofthe affirmative defenses. Mills v. Whitehouse Trucking Co. (1974),40 Ohio St.2d 55, 60." Kvinta v. Kvinta, 2003-Ohio App. 2884 ¶ 57.
 {¶ 12} In the case at bar, husband never filed any pleadings or motions at the trial level. He never, therefore, declared it as an affirmative defense. Moreover, he appeared and participated in the October 24th hearing before the magistrate. In fact the first time husband objected to service was on appeal.
 {¶ 13} We find that by participating in the October 24th hearing without asserting the affirmative defense of failure of service of process, husband waived this defense. The first assignment of error is without merit.
 {¶ 14} For his second assignment of error, husband states:
"II. The trial court erred in issuing a disproportionate distributionof marital assets in favor of appellee, as well as excessive spousalsupport, without explanation as to either the value of respectiveproperty or the reason why said distribution was inequitable [sic]."
 {¶ 15} Husband claims that the trial court's division of marital assets was disproportionate. He also argues that the amount of spousal support awarded to wife was excessive. A trial court addresses the division of marital assets separately from, and before addressing, spousal support. Barber v. Barber (July 28, 1992), Ross App. No. 1804; R.C. 3105.171(C)(3).
Marital Assets
 {¶ 16} The statute controlling division of marital assets states in pertinent part:
"Except as provided in this division or division (E) of this section,the division of marital property shall be equal. If an equal division ofmarital property would be inequitable, the court shall not divide themarital property equally but instead shall divide it between the spousesin the manner the court determines equitable. In making a division ofmarital property, the court shall consider all relevant factors,including those set forth in division (F) of this section."
 {¶ 17} R.C. 3105.171(c)(1). Absent an abuse of discretion, an appellate court will not overturn a trial court's ruling on the division of assets. Berish v. Berish (1982), 69 Ohio St.2d 318, 319.
 {¶ 18} Wife was awarded the marital residence and household goods, a 2001 Ford Explorer, her entire interest in her 401(K) plan, and 50% of husband's accrued interest in his Ford UAW pension plan. Husband was awarded a 1988 Ford F-150 pick-up truck, a 2000 Ford F-150 pick-up truck, a 2000 Ford Focus automobile, the 1996 Four Winds boat, and his savings plan through work. Husband argues on appeal that the trial court failed to obtain proper valuations on the marital property. He did not, however, submit any valuations to the trial court. "[I]f a party fails to present sufficient evidence of valuation, they have presumptively waived their right to appeal the distribution of those assets since the trial court can only make decisions based on the evidence presented and is not required to order submission of additional evidence." Hruby v. Hruby
(June 11, 1997), Columbiana App. No. 93-C-9, 1997 Ohio App. LEXIS 2576, at *10. Husband cannot now complain about the court's choice of valuation for the marital property.
 {¶ 19} In addressing a trial court's division of marital assets, a reviewing court is limited in its analysis to determining whether, taking the totality of circumstances in consideration, the trial court abused its discretion. Berish v. Berish (1982), 69 Ohio St.2d 318, 319. Additionally, this analysis must examine the property division in its entirety and as a whole, not piece by piece. Briganti v. Briganti
(1984), 9 Ohio St.3d 220, 221.
 {¶ 20} Viewing the division of property in its entirety, we find that the trial court did not abuse its discretion. The fair market value of the house, according to the county recorder's office, was $112,900.00. It had an outstanding $91,300.00 mortgage balance, leaving an equity value of $21,600.00. The court offset the amount of delinquent spousal support, $11,250.00, against the equity in the house, leaving a $10,000.00 positive balance in favor of wife. Husband, on the other hand, received three vehicles, two of which were two years old, and a boat with a net value of $5,000.00 Balancing the value of wife's auto against the value of one of husband's two newer vehicles, the division puts him ahead by one newer vehicle, one older vehicle and the $5,000 value of the boat. He presented no evidence of what, if any, outstanding balances exist on loans for any of the cars. The trial court did not assign dollar values to the vehicles.[3]
 {¶ 21} Further, the value of the husband's savings plan through work is $12,771.61, whereas the wife's 401(K) plan is valued at only $3,400. The court did not assign a value to each asset. Because the husband did not request findings of fact and conclusions of law, we presume regularity on the part of the trial court. Viewing the distribution of assets in its entirety, we cannot say that the trial court abused its discretion in its division of marital assets.
Spousal Support
 {¶ 22} The court awarded the same amount in spousal support it had awarded as temporary support: $2,295.00 per month. Husband did not object to the temporary spousal support order but now appeals the permanent order.[4]
 {¶ 23} The statute controlling spousal support requires the court to consider numerous factors, including the earning capacity of the parties, their respective assets and liabilities, the standard of living established during the marriages, and any time and expense needed for a spouse to obtain training or education to qualify for employment. R.C.3105.18. Although the court is required to address each factor listed in the statute, it need not articulate its analysis of each. McConnell v.McConnell (Feb. 3, 2000), Cuyahoga App. No. 74974. Because husband did not request findings of fact and conclusions of law from the trial court, we must presume that the trial court considered each factor listed in the statute, as well as any other relevant facts. Id.
 {¶ 24} Wife's annual earnings are one-third that of husband's. With her annual income of $33,100 and the annual total of spousal support of $27,540, she will have an income of $60,640. Husband's annual income is $99,879. Deducting the annual support, his income will be $72,399. His income is still nearly $12,000 greater than wife's. We cannot say the trial court abused its discretion in its award of spousal support. This assignment of error is without merit.
Affirmed.
FRANK D. CELEBREZZE, JR., P.J. and JAMES J. SWEENEY, J., concur.
[1] Husband does not appeal the legal separation itself, which was granted in the same entry.
[2] Although the magistrate erroneously stated in her report that wife's annual income was $99,879.00 and husband's was $33,100.00, the reverse is correct. Neither party disputes that husband's annual income is nearly $100,000.00 and wife's is just over $33,000.00.
[3] The Ford Explorer, which was awarded to the wife, had an outstanding loan of $25,000, according to the wife's motion for spousal support. The record does not reflect what if any balances are owed on the other three vehicles.
[4] The trial court retained jurisdiction over spousal support.