OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, Tawina Barganier-Ragland, appeals the decision of the Mahoning County Court of Common Pleas, Probate Division, which granted judgment on the pleadings in favor of Plaintiff-Appellee, Diedra Aey, Administratrix of the Estate of Thomas Eugene Ragland The issues before this court are whether the trial court erred when it found that Tawina was no longer the beneficiary of Thomas' life insurance policy and when it concluded that all the assets from two jointly owned bank accounts should be paid to Thomas' estate.
 {¶ 2} First, if a couple divorces and one is named as the beneficiary of the other on a life insurance policy and the divorce decree does not address that policy, then the designation of the other spouse as beneficiary is statutorily revoked. Since the pleadings indicate that Tawina was named as Thomas's beneficiary before the divorce, the trial court properly concluded that her designation as beneficiary was automatically revoked.
 {¶ 3} Second, if a couple divorces and owns property jointly with rights of survivorship and the divorce decree does not address that property, then their rights to survivorship are terminated and each spouse shall be deemed the owner of an undivided interest in common in the title to the personal property in proportion to each person's net contributions to the personal property. The pleadings demonstrate that Thomas and Tawina jointly owned a bank account with a right of survivorship at their divorce and that the divorce decree did not address that account. But the pleadings do not give any indication of how much either party contributed to the account. Therefore, the trial court's decision awarding all the assets in that account to the estate was error. For these reasons, it appears the trial court's decision should be affirmed in part, reversed in part, and the case remanded for further proceedings to determine how to divide the bank accounts.
 Facts and Standard of Review {¶ 4} Thomas and Tawina were divorced on May 31, 2001. Some of the couple's assets were not divided at the time of the divorce. Specifically, during the marriage, Thomas named Tawina the beneficiary of a group life insurance policy and the couple opened a joint bank account with rights of survivorship. The couple's divorce decree did not address either of these assets. In addition, shortly after the divorce the couple opened a second bank account which they co-owned.
 {¶ 5} Thomas died on July 7, 2002, and Aey was named Administratrix of his estate. Subsequently, Aey filed a complaint seeking to have the bank accounts and life insurance proceeds declared property of the estate. That complaint named Tawina, the bank, and the insurance company, among others, as defendants. All three answered while Tawina and the insurance company filed cross and counterclaims. Aey then moved for judgment on the pleadings in accordance with Civ.R. 12(C). None of the parties opposed the motion and the trial court granted it. In its judgment entry, the trial court ordered that all assets of the bank accounts and all proceeds from the group life insurance policy to be paid into the estate.
 {¶ 6} On appeal, Tawina asserts a single assignment of error:
 {¶ 7} "The trial court erred in granting Plaintiff-Appellee's motion for judgment on the pleadings."
 {¶ 8} Civ.R. 12(C) allows any party to move for judgment on the pleadings after the pleadings are closed but within such time as not to delay the trial. This type of motion has been characterized as a belated Civ.R. 12(B)(6) motion to dismiss for failure to state a claim.State exrel. Pirman v. Money (1994), 69 Ohio St.3d 591, 592. This type of motion is specifically designed to resolve questions of law, not factual disputes. State ex rel. Midwest Pride IV, Inc. v. Pontious (1996),75 Ohio St.3d 565, 570.
 {¶ 9} "[J]udgment on the pleadings may be granted where no material factual issue exists and the moving party is entitled to judgment as a matter of law. The determination is restricted solely to the allegations of the pleadings and the nonmoving party is entitled to have all material allegations in the complaint, with all reasonable inferences to be drawn therefrom, construed in her favor as true." (Citations omitted) Pirman at 592-593.
 {¶ 10} In other words, the trial court could only grant judgment on the pleadings if Aey demonstrated that Tawina can prove no set of facts in support of her claim that would entitle her to relief. Midwest PrideIV at 570. Since Tawina's assignment of error addresses two distinct types of assets, the life insurance proceeds and the checking accounts, they will be addressed separately.
 Life Insurance Proceeds {¶ 11} Tawina argues the trial court could not grant judgment on the pleadings regarding the life insurance proceeds since the pleadings do not say whether Thomas named Tawina as a beneficiary of that policy before or after the divorce. In response, Aey claims certain facts are uncontroverted and that those facts demonstrate that the life insurance proceeds are property of the estate.
 {¶ 12} According to R.C. 1339.63(B)(1), if a couple divorces and the decree fails to address whether one spouse should remain the beneficiary of the other spouse's life insurance policy, then "the designation of the other spouse as a beneficiary is revoked." In this case, it is undisputed that Tawina and Thomas were divorced, that she was named as a beneficiary on his life insurance policy, and that the divorce decree did not mention this insurance policy. The only dispute is over whether the pleadings state whether Thomas named Tawina as a beneficiary before or after the divorce.
 {¶ 13} Tawina claims there was no mention of "when defendant-appellant was designated beneficiary of the life insurance policy — before of [sic] after the divorce." But as Aey points out, Tawina is mistaken. In its answer, counterclaim, and cross-claim, the insurance company specifically stated that on or about July 24, 1995, Thomas designated Tawina as the beneficiary of his life insurance policy. So the pleadings do state whether she was designated as his beneficiary before or after the divorce and it was before. Accordingly, R.C. 1339.63(B)(1) applies and Thomas's designation of Tawina as beneficiary of his life insurance proceeds was revoked as a matter of law at the time of the divorce. This portion of Tawina's assignment of error is meritless.
 Bank Accounts {¶ 14} The disposition of the bank accounts is governed by R.C.1339.64, which provides that if a married couple jointly owns property with rights of survivorship and the couple is divorced, then the rights to survivorship terminate and each spouse shall be deemed the owner of an undivided interest in common in the title to the personal property in proportion to each person's net contributions to the personal property unless the divorce decree specifically provides otherwise. R.C.1339.64(A)(1). Once again, the pleadings reflect that Thomas and Tawina were divorced and that the divorce decree did not deal with these bank accounts. But the pleadings are silent on an important issue, who contributed to the bank accounts and in what amount.
 {¶ 15} Although, Tawina's argument on this point is unclear, but she seems to be asserting that the trial court erred in awarding all of the money in the bank accounts to Thomas's estate since the pleadings do not address who deposited the money in those bank accounts. Aey contends that Tawina cannot raise that issue at this point since she did not raise the issue as an affirmative defense.
 {¶ 16} In support of her argument, Aey cites Civ.R. 8(C) which provides that a party shall set forth their affirmative defenses in a responsive pleading or motion. As Aey correctly states, the failure to raise an affirmative defense in a responsive pleading or by a Civ.R. 12(B) motion constitutes a waiver of that defense. Mills v. WhitehouseTrucking Co. (1974), 40 Ohio St.2d 55, 60; Cooper v. Grace Baptist Churchof Columbus (1992), 81 Ohio App.3d 728, 734. But it does not appear that the issue Tawina is trying to raise is an affirmative defense.
 {¶ 17} "An affirmative defense is a new matter which, assuming the complaint to be true, constitutes a defense to it." State ex rel. ThePlain Dealer Publishing Co. v. Cleveland (1996), 75 Ohio St.3d 31, 33. Affirmative defenses, like a statute of limitations, laches, or res judicata, admit that the plaintiff has a claim, but assert some legal reason why the plaintiff cannot recover on that claim. Id. "`An affirmative defense is any defensive matter in the nature of a confession and avoidance. It admits that the plaintiff has a claim (the "confession") but asserts some legal reason why the plaintiff cannot have any recovery on that claim (the "avoidance").'" Id., quoting 1 Klein, Browne Murtaugh, Baldwin's Ohio Civil Practice (1988) 33, T 13.03.
 {¶ 18} In this case, Tawina is not avoiding a claim by bringing up the contribution issue because Aey cannot make a claim without proving that Thomas contributed some funds to those bank accounts. Since the pleadings do not address who contributed to the accounts, it is possible that Tawina made all the contributions to those accounts. If this were the case, then she would be entitled to all the funds in the accounts, and the estate would not be entitled to any of the funds. Accordingly, the issue of who contributed to the accounts and in what amounts is an element of the estate's claim, not an affirmative defense to that claim.
 {¶ 19} Since none of the pleadings in this case address how much either Tawina or Thomas contributed to the bank accounts, the trial court erred when it ordered that the bank pay all assets in the accounts to the estate. R.C. 1339.64(A)(1) provides that Tawina owns the accounts in proportion to her net contribution to the accounts. Without some indication of what either parties' contribution was to those accounts, the trial court could not grant judgment on the pleadings.
 {¶ 20} Finally, we note that it appears from the pleadings that the second bank account was opened after the parties were divorced. If this is true, then R.C. 1339.64 does not apply. Instead, this account would be governed by R.C. 1109.07 which enforces the right of survivorship. Accordingly, Tawina's argument is meritorious in regard to the bank accounts.
 {¶ 21} Because the trial court correctly concluded that Tawina was no longer a beneficiary of Thomas's life insurance policy, its decision that the benefits from that policy be paid to the estate is affirmed. But its decision in regard to the bank accounts was in error since none of the pleadings addressed how much either Thomas or Tawina contributed to those bank accounts. Accordingly, the judgment of the trial court is affirmed in part, reversed in part, and remanded for further proceedings to determine how to divide the bank accounts.
Donofrio and Vukovich, JJ., concur.