[Cite as *Gemperline v. Franano*, 2022-Ohio-3727.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| MICHAEL L. GEMPERLINE | JUDGES: |
| | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellant | Hon. William B. Hoffman, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 22 CAE 03 0017 |
| DOMENICO FRANANO, ET AL. | |
| Defendants-Appellees | O P I N I O N |


CHARACTER OF PROCEEDINGS:      Appeal from the Delaware County Court
of Common Pleas, Case No. 20 CVH 03
0166


JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      October 18, 2022


APPEARANCES:

| For Plaintiff-Appellant | For Defendant-Appellee Dominic Franano |
|---|---|
| JOSHUA J. BROWN | THOMAS H. FUSONIE |
| Cassone Law Offices, LLC | DANIEL E. SHUEY |
| 5086 North High Street – Suite A | Vorys, Sater, Seymour Pease, LLP |
| Columbus, Ohio 43214 | 52 East Gay Street |
| | Columbus, Ohio 43215 |

| For Defendant-Appellee Karen Slavik | For Defendant-Appellee Rebecca Mount |
|---|---|
| LORI E. THOMSON | C. JOSEPH MCCULLOUGH |
| MARK HOWARD GAMS | White, Getgey and Meyer Co., LPA |
| Gallagher Gams Tallan Barnes & Littrell | 6125 East Kemper Road |
| 471 East Broad Street – 19th Floor | Cincinnati, Ohio 45241 |
| Columbus, Ohio 43215-3872 | |

For Defendant-Appellee Gary R. Johnson

DAVID W. ORLANDINI
BENJAMIN C. ADKINS
Collins, Roche, Utley & Garner
655 Metro Place South – Suite #200
Dublin, Ohio 43017

For Defendant-Appellee William Houk

TERRENCE J. KENNEALLY
SEAN M. KENNEALLY
Law Office of Terrence J. Kenneally &
Assoc. Co.
River Terrace Bldg.
19111 Detroit Road – Suite #200
Rocky River, Ohio 44116

For Defendant-Appellee Rebecca Mount

CURTIS J. SYBERT
Sybert, Rhoad, Lackey Swisher, LLC
153 S. Liberty Street
Powell, Ohio 43065

For Defendant-Appellee Kerry Daly

JOSHUA R. BILLS
NICHOLAS S. BOBB
Pelini, Campbell & Williams, LLC
5880 Innovation Drive
Dublin, Ohio 43016

For Defendant-Appellee Susan Miceli

GARY G. YASHKO
The Law Office Gary G. Yashko
611 Gradall Court
Powell, Ohio 43065

*Hoffman, J.*

{¶1} Plaintiff-appellant Michael L. Gemperline appeals the judgment entered by the Delaware County Common Pleas Court dismissing his complaint alleging abuse of process against Defendants-appellees Domenico Franano, Karen Slavik, Rebecca Mount, Susan Miceli, Kerry Daly, William Houk, and Gary R. Johnson pursuant to Civ. R. 12(B)(6).

## STATEMENT OF THE FACTS AND CASE

{¶2} In 2018, Appellant took office as a Trustee for Liberty Township. In his capacity as trustee, Appellant voted to request an EMS proposal from Delaware County to replace the township EMS.

{¶3} In 2019, Appellees, who all opposed the plan to replace the township EMS, gathered signatures for a petition to remove Appellant from office, allegedly stating Appellant wanted to replace Liberty Township EMS with Delaware County services, "Liberty Township EMS will be harmed," and "people will die" because of Appellant's plan.

{¶4} On July 2, 2019, pursuant to R.C. 3.07 and 3.08, a complaint to remove Appellant from office was filed by Appellees in the Delaware County Court of Common Pleas. The complaint alleged Appellant was in favor of replacing Liberty Township EMS with Delaware County EMS, engaged in misconduct by seeking to replace a contractor of the township, improperly ceded his authority to another trustee, failed to check the abuse of power of another trustee, conducted township business using his personal email account, and failed to recuse himself from matters in which he had a conflict of interest. In August of 2019, Appellees' removal complaint was voluntarily dismissed via stipulation.

{¶5} On March 30, 2020, Appellant filed a complaint in the Delaware County Common Pleas Court against Appellees. On September 18, 2020, Appellant filed an

amended complaint alleging: abuse of process, intentional infliction of emotional distress, and defamation. The trial court dismissed the complaint pursuant to Civ. R. 12(B)(6) for failure to state a claim on which relief could be granted.

{¶6} Appellant filed an appeal to this Court. On appeal, we affirmed the dismissal of all causes of action with the exception of abuse of process. This Court found the complaint sufficient to set forth a cause of action for abuse of process:

> The record demonstrates that the amended complaint alleges that the legal process was proper in form and with probable cause; that Appellees attempted to pervert the process in an attempt to accomplish an ulterior purpose for which it was not designed (attempting to influence an election, force Appellant to become a political ally, and attempt to ruin Appellant's reputation and finances), and that Appellant sustained damages as a result of the wrongful use of process. Accordingly, we find the trial court erred in granting Appellee's motion to dismiss for failure to state a claim upon which relief can be granted.

{¶7} *Gemperline* v. *Franano*, 5th Dist. Delaware No. 21 CAE 01 0002, 2021-Ohio-2394, ¶ 24, appeal not allowed, 165 Ohio St.3d 1494, 2021-Ohio-4515, 178 N.E.3d 530.

{¶8} While the trial court noted the *Noerr-Pennington* doctrine might apply in this case, because the trial court did not specifically decide the issue, we declined to address the application of the doctrine. Id. at ¶15.

**{¶9}** On remand, the trial court found Appellant's cause of action for abuse of process barred by the *Noerr-Pennington* doctrine. The trial court dismissed the abuse of process claim for failure to state a claim on which relief may be granted pursuant to Civ. R. 12(B)(6).

**{¶10}** It is from the March 3, 2022 judgment of the trial court Appellant prosecutes his appeal, assigning as error:

I. THE TRIAL COURT ERRED BY GRANTING A 12(B)(1) MOTION TO DISMISS TO DEFENDANT-APPELLEES ON THE GROUND THAT THE NOERR-PENNINGTON DOCTRINE PROVIDES IMMUNITY TO ABUSE OF PROCESS CLAIMS.

II. THE TRIAL COURT ERRED BY GRANTING A 12(B)(1) MOTION TO DISMISS TO DEFENDANT-APPELLEES BASED ON THE NOERR-PENNINGTON DOCTRINE BECAUSE THIS DOCTRINE CANNOT BE RESOLVED ON THE PLEADINGS.

I.

**{¶11}** In his first assignment of error, Appellant argues the trial court erred in dismissing his cause of action for abuse of process. He specifically argues the *Noerr-Pennington* doctrine should not apply to a claim for abuse of process, and even if the doctrine does apply to the instant action, the trial court erred in failing to find the "sham" litigation exception to the doctrine applies in this case.

{¶12} When reviewing a judgment on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, our standard of review is de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5. A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992), *citing Assn. for the Defense of the Washington Local School Dist. v. Kiger,* 42 Ohio St.3d 116, 117, 537 N.E.2d 1292 (1989). In considering a motion to dismiss, a trial court may not rely on allegations or evidence outside the complaint. *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207, 680 N.E.2d 985 (1997). Rather, the trial court may review only the complaint and may dismiss the case only if it appears beyond a doubt that the plaintiff can prove no set of facts entitling the plaintiff to recover. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus.

{¶13} *Noerr–Pennington* immunity is a "doctrine [that] originated in the anti-trust context as the proposition that 'joint efforts to influence public officials do not violate the antitrust laws even though intended to eliminate competition. Such conduct is not illegal, either standing alone or as part of a broader scheme itself violative of the Sherman Act.'" *We, Inc. v. Philadelphia, Dept. of Licenses & Inspections*, 174 F.3d 322, 326 (3d Cir. 1999), *quoting United Mine Workers of Am. v. Pennington*, 381 U.S. 657, 670, 85 S.Ct. 1585, 14 L.Ed.2d 626 (1965); *see also Eastern R. R. Presidents Conference v. Noerr Motor Freight, Inc.,* 365 U.S. 127, 81 S.Ct. 523, 5 L.Ed.2d 464 (1961). The United States Supreme Court has held, "Those who petition government for redress are generally immune from antitrust liability." *Professional Real Estate Investors, Inc. v. Columbia*

*Pictures Industries, Inc.,* 508 U.S. 49, 56, 113 S.Ct. 1920, 123 L.Ed.2d 611 (1993). This type of immunity from antitrust liability is otherwise known as *Noerr–Pennington* immunity.

{¶14} Although originating in the antitrust context, *Noerr-Pennington* immunity has been extended to a broader range of cases in which the defendant engaged in activity protected by the First Amendment. Although Ohio has not specifically addressed the extension of the doctrine to the tort of abuse of process, the Ohio Supreme Court held the doctrine provided immunity to a defendant against a claim for unfair competition by way of malicious litigation. *Am. Chem. Soc. v. Leadscope, Inc.,* 133 Ohio St.3d 366, 2012-Ohio-4193, 978 N.E.2d 832. This Court has applied the doctrine to a cause of action for tortious interference with employment and civil conspiracy. *Lanzer v. Louisville*, 5th Dist. No. 2015 CA 00170, 2016-Ohio-8071, 75 N.E.3d 752.

{¶15} Appellant cites *DirecTV, Inc. v. Zink,* 286 F. Supp 2d 873 (E.D. Mich. 2003), in which the federal court held the *Noerr-Pennington* doctrine did not provide immunity against liability for abuse of process. The court noted the purpose of the *Noerr–Pennington* doctrine is to protect the right to petition the courts from the chilling effect which would result if bringing a reasonable lawsuit could violate the law. *Id.* at 874. In contrast, the abuse of process tort as defined by the state of Michigan addresses subsequent misconduct or abuse of proceedings, occurring only after the process has been initiated. *Id.* at 875. To properly allege abuse of process in Michigan, a party must plead: 1) an ulterior purpose, and 2) an act which is improper in the regular prosecution of the proceeding. *Id.* Declining to apply the *Noerr–Pennington* doctrine's protection to subsequent abuses does not harm a plaintiff's First Amendment right to petition the courts, because it does not discourage the plaintiff from bringing the original suit. *Id.*

**{¶16}** In Ohio, in order to assert a claim of abuse of process, a plaintiff must allege: (1) a legal proceeding has been set in motion in proper form and with probable cause, (2) the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed, and (3) direct damage has resulted from the wrongful use of process. *Gemperline, supra,* at ¶18. We find *DirecTV* distinguishable because unlike Michigan, Ohio does not specifically define the tort of abuse of process to require a subsequent act of misconduct after the initiation of the action. We therefore find the *Noerr-Pennington* doctrine does provide immunity from an action for abuse of process where the alleged abuse is based on the initiation of the action itself, and a subsequent act of misconduct is not alleged by the plaintiff.

**{¶17}** In the instant case, Appellant's complaint does not allege any subsequent misconduct in the proceeding to remove him from office after the initiation of the suit. Rather, he alleges the Appellees' motivation for filing the action to remove him from office was not to remove him from office, but rather, as this Court previously noted, to influence an election, to force Appellant to become a political ally, and to ruin Appellant's reputation and finances *Id.* at ¶24. All of Appellant's allegations in his complaint relate to Appellees' motivation for the initiation of the action, and not to any subsequent action taken by Appellees in the prosecution of the suit which perverted the underlying proceeding to attempt to accomplish an ulterior purpose for which it was not designed. We therefore find the trial court did not err in finding the *Noerr-Pennington* doctrine applied in the instant case.

**{¶18}** Appellant also argues the trial court erred in finding the "sham" litigation exception to the *Noerr-Pennington* doctrine did not apply in this case. A litigant is not

entitled to *Noerr-Pennington* immunity if he engaged in "sham" litigation. *See, e.g., Static Control Components, Inc. v. Lexmark International, Inc.,* 697 F.3d 387, 408 (6th Cir. 2012). The United States Supreme Court has set forth a two-part test to determine if the sham litigation exception applies. First, the lawsuit must be objectively baseless, in the sense that no reasonable litigant could realistically expect success on the merits. *Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.,* 508 U.S. 49, 60, 113 S. Ct. 1920, 123 L.Ed. 2d 611 (1993). If the court finds the litigation is objectively baseless, the court next examines whether the litigant was motivated by a desire to pursue his own rights or to accomplish an improper motive. *Id.* at 60-61.

**{¶19}** In the instant case, Appellant's complaint alleged the underlying removal action filed by Appellees was initiated with probable cause. Amended Complaint, September 18, 2020, ¶46. We agree with the trial court the underlying action could not be both supported by probable cause, yet objectively baseless. For this reason, we find the trial court did not err in finding the "sham" litigation exception does not apply in the instant case.

**{¶20}** We find the trial court did not err in dismissing Appellant's claim for abuse of process pursuant to Civ. R. 12(B)(6) based on the application of the *Noerr-Pennington* doctrine.

**{¶21}** The first assignment of error is overruled.

II.

**{¶22}** In his second assignment of error, Appellant argues the *Noerr-Pennington* doctrine cannot be resolved from the pleadings, and the trial court therefore erred in dismissing the action pursuant to Civ. R. 12(B).

{¶23} *Noerr–Pennington* immunity is an affirmative defense that must be pleaded in an answer or it is waived under Civ.R. 8(C). *Am. Chem. Soc. v. Leadscope, Inc., supra.* Because affirmative defenses typically rely on matters beyond the pleadings, affirmative defenses normally cannot be raised in a Civ.R. 12(B)(6) motion to dismiss. *Mills v. Whitehouse Trucking Co*, 40 Ohio St.2d 55, 58, 320 N.E.2d 668 (1974). However, an exception exists where the existence of the affirmative defense is obvious from the face of the complaint itself. *Id.* In *Lanzer v. Louisville*, 5th Dist. No. 2015 CA 00170, 2016-Ohio-8071, 75 N.E.3d 752, this Court found the trial court properly dismissed a case pursuant to Civ. R. 12(B)(6) where the application of the *Noerr-Pennington* doctrine was apparent from the complaint itself.

{¶24} In the instant case, we find the trial court did not err in dismissing the complaint pursuant to the *Noerr-Pennington* doctrine. From the face of the complaint itself, we find it is apparent the action was based on Appellees' institution of a complaint to remove Appellant from office. As discussed earlier, the complaint was based solely on the underlying motivation for the institution of the removal action, and not based on any subsequent unprotected actions taken after the action was filed.

{¶25}  The second assignment of error is overruled.

{¶26}  The judgment of the Delaware County Common Pleas Court is affirmed.


By: Hoffman, J.

Wise, Earle, P.J.  and

Delaney, J. concur


_____

HON. WILLIAM B. HOFFMAN


_____

HON. EARLE E. WISE, JR.


_____

HON. PATRICIA A. DELANEY